on the theory that the court may make an erroneous ruling which would result in a necessity for their use in rebuttal.

Order modified, by striking therefrom the provision which disallowed the taxation of the costs and disbursements of the first trial, and the taxation of the sum of $25 as costs after the order granting a new trial, and, as so modified, the order appealed from is affirmed, without costs.

---

(156 App. Div. 301.)

### In re HOGG'S ESTATE.

(Supreme Court, Appellate Division, Second Department. April 11, 1913.)

1. TAXATION (§ 896*)—TRANSFER TAXES—VESTED ESTATES.

> Where testator devised his property in trust to pay over a fixed ·portion of the income to his wife for life, or until she remarried, the residue to be paid to his daughters, with other provisions, after the death of the wife or her remarriage, the daughters took a life estate in the income, measured by the life of the widow, the value of which life estate should be deducted from the corpus of the trust fund for the purpose of computing the amount of the succession tax on the remainder, which was taxed under other provisions.
>
> [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1714; Dec. Dig. § 896.*]

2. TAXATION (§ 885*)—TRANSFER TAXES—LIFE ESTATE.

> Where a testator devised his property in trust to pay to his wife a fixed portion of the income during her life or until her remarriage, remainder to his daughters, with the direction that at the widow's death the trustee should divide the property in his hands into as many portions as there were daughters, and hold the shares of each of the daughters in trust to pay over the income therefrom.to the daughter or her issue, if any, and in the event of the death of any of the daughters without issue then to the survivors, the daughters took no present life estate in the income after the death of the widow, but the gift was one to a class to be determined in the future, it being apparent from testator's words that it was not an immediate· gift, but a gift of what remained in the trustee's hands after the expiration of a given period; and therefore, for the purpose of computing the succession tax, this gift should be treated as one to a class to be determined in the future.
>
> [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. § 885.*]

Appeal from Surrogate's Court, Westchester County.

In the matter of the appraisal of the estate of Charles B. Hogg, deceased, under the acts in relation to the taxable transfers of property. From an order of the Surrogate's Court (78 Misc. Rep. 703, 140 N. Y. Supp. 604), fixing the amount of taxes, the executors appeal. Reversed and remanded.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Henry W. Simpson, of New York City, for appellants executors.

William A. W. Stewart, of New York City, for appellant trustee

Winfield L. Morse, of Tarrytown, for respondent.

BURR, J. Charles B. Hogg died January 5, 1911. He was survived by his widow, Caroline F. Hogg, and his three daughters, Amelia T.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lindridge, Annie F. Crafts, and Mary H. Maxwell. He left a last will and testament. His estate was a large one. After deducting debts, expenses of administration, and the value of certain specific legacies, more than $1,000,000 remained, which was disposed of in the fifth clause of his will, which is as follows:

"All the rest, residue and remainder of my property, both real and personal, of whatever kind or nature, and wherever situate, I give, devise and bequeath to the United States Trust Company of New York, in trust, however, to invest and keep the same invested, and out of the income therefrom, to pay over to my wife, Caroline F. Hogg, during her life, or until her remarriage, the sum of five thousand two hundred dollars annually in equal quarterly payments, on the 1st days of February, May, August, and November, beginning as of the first of such quarterly dates after my decease, and until my executors hereinafter named turn over the property of my estate to my said trustee, I direct my said executors to make such payments out of the moneys then in their hands; the balance of the income of my estate, after the payment of the annuity above provided for, I direct my said trustee to pay over quarterly in equal shares to my three daughters, Amelia T. Lindridge, Annie F. Crafts and Mary E. Maxwell, or in the event of the death of either of them, to the survivors of them and the surviving children of any such deceased child, per stirpes; upon the death or remarriage of my said wife, I direct my said trustee to divide my property then in its hands into as many equal shares or portions as there may be daughters me surviving or represented by issue then surviving, and to continue to invest and hold one of said shares or portions in trust for the benefit of each of my said surviving daughters and to pay over the income therefrom to such daughter quarterly during her natural life and upon her death to pay over and deliver the principal of such trust fund together with all accumulated income to her lawful issue, her surviving, or in default of such issue to my surviving children and the issue, then surviving of any such child who may have died, per stirpes; and in the event of the death of any of my said daughters before the division of my property as hereinabove provided, leaving lawful issue her surviving, I direct my said trustee, upon such division of my property, to pay over and deliver the share or portion thereof which otherwise would have been retained in trust for such deceased daughter to her issue her surviving, per stirpes."

For the purpose of determining the amount of the succession tax, after deducting from said sum the value of so much of said estate as represented the beneficial interest therein of the widow during her life, the learned surrogate of Westchester county assessed the entire residue thereof against the trustee as a single legacy given to a class, the numbers of which were to be ascertained at a future time, namely, upon the death or remarriage of the widow. The executors named in the said will and the United States Trust Company as trustee of the trusts therein contained challenge the correctness of this determination. While appellants concede that as to the ultimate disposition of the corpus of the estate, after the termination of the various life estates therein, testator's gift may be construed as a gift to a class, they also contend that each of the testator's daughters, above named, immediately upon his death took a vested estate for a term measured by the life of the widow or the date of her remarriage in an undivided one-third of the remainder after deducting the value of the widow's interest therein, and also a vested estate for life in one-third of the whole of such remainder, to commence upon the expiration of the first trust estate, to wit, at the death or remarriage of the widow.

The contention is of importance. At the date of the testator's death and the fixing of the tax upon the succession, the Tax Law provided as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of more than one hundred dollars or of any interest therein or income therefrom, in trust or otherwise." Consolidated Laws, c. 60 (Laws of 1909, c. 62) § 220, as amended Laws of 1910, c. 706.

The rate of this tax varies according to the assessed value of the transferred estate. Id. § 221. The same act provides that:

"The value of every future or limited estate, income, interest or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except that the rate of interest for making such computation shall be five per centum per annum." Id. § 230.

If there are valid and existing beneficial interests in the income of the residuary estate in testator's three daughters, as is contended, the value of these should be computed, and they should be separately taxed. The result will be that, while these life estates will be taxed at the lower rate, the value of the remainder will also be diminished by the amount of the value of these life estates, and the sum to be taxed thereon at the higher rates prescribed in the statute will be considerably diminished.

[1] We will consider appellants' contentions separately. Inasmuch as at the date of testator's death each of his three daughters named in his will were living, it seems clear that each took a beneficial interest in one-third of so much of the income of his residuary estate, given to the trustee, as remained after deducting therefrom the annuity for the life of the widow. The stipulated term for the duration of this trust, it is true, is until the death or remarriage of the widow. But it is not necessary that all of the beneficiaries of the trust, or even that any of them, should be identical with the one whose life measures the duration of the trust term. Such life may be of one who is a total stranger to the trust object. Kahn v. Tierney, 135 App. Div. 897, 120 N. Y. Supp. 663, affirmed 201 N. Y. 516, 94 N. E. 1095. The whole of the estate in remainder was therefore held by the trustee for a term to continue until the death or remarriage of the widow. The beneficiaries of the trust were not only the widow, but the three daughters, of the testator. The value only of the widow's beneficial interest has been deducted from the value of the remainder. The value of a beneficial interest in the income of the entire residuary estate for the stipulated term should have been computed and deducted therefrom, and such interest divided into three portions separately taxed. Whether the words in the clause of the will relating to the distribution of such income among his daughters, "in the event of the death of either of them," relates to a death in the lifetime of the testator, or to a death subsequent thereto, and before the death or remarriage of the widow, we need not now determine. Under the present circumstances, for computing the amount of the succession tax, it makes no difference.

[2] The second contention of the appellants we think cannot be sus-

tained. There are no present words of gift of succeeding life estates after the termination of the first life estate. While in many instances adverbs of time, such as "upon," "then," "from," and "after," etc., in connection with the devise or bequest of a remainder limited upon a lif estate, are construed to relate merely to the time of enjoyment of the estate, and not to the time of the vesting of its interest (Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20), such words, when coupled with other expressions in the will, may indicate futurity in the gift (Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Matter of Baer, 147 N. Y. 348, 41 N. E. 702). In this case the subject-matter of the gift was not definitely determined at testator's death. His direction related, not to the property of which he died seised, or which the trustee in the first instance received, but to the property "then in its" (the trustee's) "hands." It might have been augmented by circumstances, or diminished through no fault of the trustee. The aliquot parts into which this property was to be divided were uncertain. Testator's direction was to divide—

"into as many equal shares or portions as there may be daughters *me* surviving or represented by issue then surviving."

He was survived by three daughters. If all continued to live until the period of division arrived, such division would be into three parts. If one of them died during the continuance of the first trust estate, leaving issue, who were also surviving at the termination thereof, the division would still be into three parts. This seems clear, if we read in connection with the clause above quoted the subsequent clause of the will, to this effect:

"In the event of the death of any of my said daughters *before the division of my property as hereinabove provided*, leaving lawful issue her surviving, I direct my said trustee, *upon such division* of my property, to pay over and deliver the share or portion thereof which otherwise would have been retained in trust for such deceased daughter to her issue her surviving."

But suppose that one of the daughters died during the continuance of the trust estate, the stipulated term of which was for the life or until the remarriage of the widow, leaving no issue her surviving. It seems clear that the division would then be into two parts, and if two of these died during the same period, each without issue, there would be no division, but the surviving daughter would be the sole beneficiary of an estate in trust during her life.

It follows, therefore, that the gift of the life interests subsequent to the termination of the first estate was a gift of an aggregate sum to a body of persons uncertain in number at testator's death, to be ascertained at a future time, who are to take in definite proportions; the share of each being dependent for its amount upon the ultimate number. The number of the donees is not certain, and the share each is to receive is not certain, but depends for its amount upon the number who should be living when the period of division arrives. This makes it a gift to a class. Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945; Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146; Matter of King, 200 N. Y. 189, 93 N. E. 484, 34 L. R. A. (N. S.) 945, 21 Ann. Cas. 412.

So much of the order of the Surrogate's Court of Westchester county as is appealed from should be reversed. and the proceedings remitted to the said Surrogate's Court to proceed in accordance with this opinion.

Order of the Surrogate's Court of Westchester county, in so far as appealed from, reversed, with costs and disbursements of this appeal to each of the appellants, and matter remitted to said court to proceed in accordance with opinion by BURR, J. All concur.