For the reasons above stated, the defendant is discharged.

In the Matter of the Estate of BELLE McPHERSON CAMPBELL, Deceased.

Surrogate's Court, Monroe County, December 11, 1930.

———— for ————

———— for ————

FEELY, S. In explanation of the somewhat unusual way in which the property, found in the possession of this testatrix at

her death, is to be disposed of upon this judicial settlement of her estate, it has been thought desirable to file this memorandum, and particularly to clarify the situation from the standpoint of the transfer tax.

Testatrix then had in her hands property worth about $100,000, of which only a small part was not her own; that is to say, she then had in her hands $10,000, or its equivalent, which had originally been intrusted to her — without formally appointing her a trustee, properly so called — by the last will and testament of her brother-in-law, Charles S. Holt, late of Chicago, Ill.,— "To hold and invest the same and to use and enjoy the income thereof during her natural life, and to dispose of the principal by will at her death, and failing such disposition, the principal shall fall into my residuary estate."

This residuary estate has been given by the will of Mr. C. S. Holt to his widow, Camilla McPherson Holt, a sister of this testatrix. Testator and the husband of this testatrix were each lawyers, who spent their professional life in the city of Chicago, Ill. This testatrix also resided there for the greater part of her life; and had made several last wills in that State; but in her last years she returned to the State of New York and died at the homestead in Monroe county, after having made her last will and testament here, wherein she is described as "of the Town of Wheatland, County of Monroe, and State of New York." It does not seem necessary now to determine just where she was last domiciled.

In and by said will she provided for the distribution of "all * * * my property, both real and personal," without, however, referring expressly to the $10,000 she had in her hands belonging to her brother-in-law's estate, nor to any intention to exercise thereon the power conferred on her by his will to appoint the ultimate owners thereof upon the cessation of her life use thereof; nor is there any indication she chose any particular jurisdiction as the law for construing her said last will.

Half of her residuary estate is given absolutely by her will to her sister, Mrs. C. M. Holt, the residuary legatee in the will that granted the power; but as this testatrix limits her bounty to her own property, it is doubtful whether she actually intended to exercise the power of appointment by such legacy of half her own residuary estate to her sister.

The law of New York readily resolves such doubt by the statutory declaration that the property under appointment is deemed to pass by reason of the will of the donee of the power purporting to dispose of all of her property, unless it clearly appears she

intended her will should not operate as an execution of the power. (Pers. Prop. Law, § 18.) The widow and residuary legatee of the donor of this power takes the position herein that the law of New York does not govern the validity of the execution of the power which originated in and is outlined by the will of a testator domiciled in Illinois and there probated; and that the phrase in his will authorizing this testatrix as donee of such power " to dispose of the principal by her will at her death " must be construed, both there and elsewhere, under and with reference to the same law that governs the construction of the rest of said will, there being no indication of any other intention; and that the donee's disposition of his property on his behalf to whomsoever she might by her last will appoint and designate would still be, in substance, his act through his agent; and that the validity of the testamentary execution of such agency must be determined by the law of its origin, the law of the principal's domicile; notwithstanding the validity of the execution of the donee's will, as a will of the donee's own property must be determined by the law of the donee's domicile, nothing appearing therein to the contrary.

Surrogate FOWLER pointed out to us that, at common law, such will of the donee of the power to appoint would not be regarded as an exercise of the power because of its failure to refer to the power, and of its application to other property than that subject to appointment. (*Matter of N. Y. Life Ins. & Trust Co.*, 139 N. Y. Supp. 695.) In that case also he held that the law of the domicile of the donor of the power, and not that of the donee, determines, in most cases, whether there is sufficient testamentary exercise of the power of appointment. (Id.) This decision was affirmed, without opinion, by the Appellate Division (157 App. Div. 916); and was also affirmed by the Court of Appeals (209 N. Y. 585) in a memorandum wherein the latter court state they follow the ruling in *Sewall* v. *Wilmer* (132 Mass. 131). This Massachusetts case is based on a state of fact that is quite like the case at bar, except in that there the life beneficiary, with power of testamentary appointment, did not have possession of the principal, which always remained the legal property of the trustees of the donor's will, and in their possession, in trust, to convey over to the appointee of the life beneficiary, and in default of such appointment by her, then over to her children and heirs. Her will gave all her property to her husband, without mentioning the power to appoint she had under her father's will. Such will under the law of her domicile in Maryland was deemed a failure to exercise the power; but, under the law of the domicile of her father, in Massachusetts, where his will was probated, her will was held to

manifest, in all the circumstances, an intention to execute the power; and the trustees were directed by the Massachusetts court to dispose of the principal accordingly. Massachusetts, Illinois and several other States (64 L. R. A. 849) have not as yet adopted any such rule as has New York (*supra*), England and some other jurisdictions. It has been shown herein that Illinois has followed the common-law rule; and has recently referred to the rule of testator's intention, which Massachusetts applies; and it has also been shown herein that under the law of Illinois it is essential that the donee of a power in exercising it must show, expressly or by necessary implication, that it is the derivative power he is exercising, rather than any of his own absolute and proprietary rights; and also, in detail, that it is essential in Illinois for a good exercise of a power of appointment that one of three things appear, namely, a reference to the power, or to the subject or the property covered by the power; or that the instrument would be inoperative without the aid of the power. (*Foster* v. *Grey*, 96 Ill. App. 38.) (See, also, *Harvard College* v. *Balch*, 171 Ill. 275, 283.) The latest case in that jurisdiction which has been brought to the attention of this court is the case of *Emery* v. *Emery* ([1927] 325 Ill. 212), wherein a donee's last will was held not to be an exercise of a testamentary power of appointment, for the reason that it did not refer to the power or to the will that granted it; nor did it mention the property that was under such power; and there were no circumstances indicating the intention of the donee to exercise such power. Under the law of Illinois, therefore, the last will of this testatrix, probated in this court, disposing of all her own property, without any evidence of an intention on her part, express or implied, to exercise her bare derivative and representative power over the property of her brother-in-law's estate in her hands for her life use only, must be held, even if she be assumed to have been finally domiciled in New York State, to be a failure on her part to exercise, in any way, such power of appointment; and, therefore, under the alternative provision in the donor's will quoted above, the said $10,000 principal or fund passed on the death of this testatrix, for her failure to exercise such power, to her sister, Camilla McPherson Holt.

Let the decree of judicial settlement herein be framed in accordance with this decision, and entered.