## Frishmuth's Estate

*Albert P. Gerhard*, for accountants.

*Thomas M. Farr* and *Frank G. Norcross*, for Robert Biddle Frishmuth.

*Richard W. Thorington*, for James B. Lichtenberger, Anna B. Frishmuth, and Mary G. Frishmuth.

*Stanley L. Thornton*, of *Guckes, Shrader, Burtt & Thornton*, for Camden Safe Deposit & Trust Co., guardian of the estate of Theodora P. Frishmuth.

VAN DUSEN, J., February 5, 1936.—Edmund H. Frishmuth died on May 27, 1890, leaving a will.

This is the final account of the trust to pay the income to Frank B. Frishmuth, son of the testator, for life. The principal is given as follows:

"ITEM EIGHTH.—After the death of my said son Frank B. Frishmuth I direct that his portion of my residuary estate shall be divided equally among my surviving children namely John C. W. and Edmund H. Frishmuth, Junior, and the issue of either that may be deceased."

Frank B. Frishmuth died on September 10, 1935.

Edmund H. Frishmuth, Jr., survived the testator and died before the life tenant, leaving issue to survive him one child, Lillie F. Rhoads. John C. W. Frishmuth survived the testator and died before the life tenant, leaving issue to survive him five children hereinafter named and two grandchildren, Robert Biddle Frishmuth, Jr., and Theodora P. Frishmuth, children of Robert Biddle Frishmuth, a son who died before the life tenant (I assume).

The first question is whether the primary gift in remainder is to the children of the testator who survived him or to the children of the testator who survived the life tenant. The primary gift is to John and Edmund; but the testator speaks of them as "surviving children" and makes a substitutionary gift to "the issue of either that may be deceased". In Dagit's Estate, 21 D. & C. 130, and in Hood's Estate, 25 D. & C. 375, just decided by the court en banc, it was held that such a substitutionary gift indicates an intention that the primary gift is contingent upon surviving the life tenant; and that is my conclusion in this case. See also Bentley's Estate (No. 2), 30 Dist. R. 69; Patrick's Estate, 162 Pa. 175; Fox's Estate, 222 Pa. 108; and Alburger's Estate (No. 2), 274 Pa. 15, 30 Dist. R. 301.

The next question is: What is meant by the word "issue"? This word can have a great many meanings. Six meanings are discussed in an article in 35 Yale Law Journal 571, and there may be more.

There is nothing in the rest of this will to give to the word "issue" any special meaning; for while "issue" and "children" are used interchangeably in clause 6, the result is to show that at that point "children" means "issue", and not vice versa.

In its broadest sense "issue" includes all lineal descendants in all generations living and dead. A long line of English cases held that this word included all living descendants in all generations per capita, the father taking equally with his children. But the majority of the

American States, including our own State in Mayhew's Estate, 307 Pa. 84, have denied this meaning; so that no lineal descendant takes who has an ancestor living. In that case all the members of the first generation were living, and there was no question of contingency. If any member of the first generation had been dead at the death of the testator leaving issue, undoubtedly that issue would have taken the parent's share. The word "issue" connotes a stirpital distribution.

The next question is as to the period for ascertaining those among the issue who are to take. In my opinion this is the death of the life tenant. It is not to be supposed that the rights of John and Edmund are to be fixed at a future date and at the same time that the rights of the substituted beneficiaries are to be fixed as of a prior date: Hood's Estate, supra; Steinmetz's Estate, 194 Pa. 611. The result is that Robert Biddle Frishmuth who died before the life tenant takes nothing, and his children take in his stead in their own rights.

It is not necessary to decide what the result would have been if Robert Biddle Frishmuth had died before the life tenant without issue, but the possibility of such an event must be speculated upon because of the light it may throw on the nature of the contingency.

It seems to me that, where a gift is to "issue" who are to be determined at the time of distribution, it is meant that the lineal descendants then living should take per stirpes, provided, that one who has died without issue prior to that time nevertheless takes a share which is payable to his personal representatives. See Reed's Estate, 16 D. & C. 36, and 307 Pa. 482. To put it differently, each lineal descendant when born gets a vested interest subject to be divested in favor of his issue if he dies leaving issue, but not otherwise. Perhaps, however, I am wrong in this understanding, and a branch which has died out before the time of distribution gets nothing. . . .