In the Matter of the Estate of THOMAS E. STILLMAN, Deceased.

Surrogate's Court, New York County, July 28, 1936.

*Morgan & Lockwood,* for the petitioner, City Bank Farmers Trust Company.

*Curtis, Mallet-Prevost, Colt & Mosle,* for the respondent United States Trust Company of New York, as executor of and trustee under the will of Helen Stillman Armstrong, deceased.

*Winthrop, Stimson, Putnam & Roberts,* for the respondents Helen Armstrong Husted and Elizabeth Kendall (Forman) Newell.

*Harrison & Hewitt,* for the respondents Henry C. Taylor and William A. Taylor, Jr.

*Sage, Gray, Todd & Sims,* for Mary S. Harkness and Edward S. Harkness.

*Philip J. Dunn,* special guardian for infant parties.

FOLEY, S. I hold that the will of the testator's daughter did not operate as a valid exercise of the power of appointment conferred on her by the will of this decedent. The donor's will provides for a trust to continue during two lives. The donee's will provides that the property subject to her power of appointment shall continue to be held in trust for one more life. The attempted exercise of the power is, therefore, invalid as it provides for the suspension of the power of alienation beyond the period permitted by the statute. (Pers. Prop. Law, § 11.)

It is immaterial that the primary life tenant is the donee of the power and that the secondary life tenant predeceased the donee. The testator's will provides for the suspension of the power of alienation during two lives. He must have intended that the property should vest in possession, free from any trust, at the expiration of that period. The period during which the absolute right of alienation may be suspended by the exercise of a power of appointment must be computed from the date of the creation of the power. (Real Prop. Law, § 178.) The wills of the donor and donee must be read together as though parts of the same instrument. (*Fargo* v. *Squiers,* 154 N. Y. 250; *Hillen* v. *Iselin,* 144 N. Y. 365.) Reading the two wills together here, as parts of the same instrument effective at the date of the donor's death, it is apparent that a possible suspension of the power of alienation for three lives is provided for. It is of no importance that one life tenant had died before the power of appointment was exercised. (*Matter of Hayman,* 134 Misc. 803; affd., 229 App. Div. 853; affd., 256 N. Y. 557.) In this State valid future estates must be so limited that in every possible contingency they will terminate at the expiration of two

lives. It is what might have happened, not what actually happened since the testator's death, that must be considered in testing the validity of a will. (*Matter of Wilcox*, 194 N. Y. 288.)

As there was no valid exercise of the power of appointment, the remainder of the trust must be distributed under the alternative provision of the donor's will. There is no dispute as to the persons presently entitled to the remainder under this alternative provision.

All questions involving the distribution of the remainders of the trusts which have not terminated are academic at the present time and will be reserved for determination when the necessity therefor arises. (*Matter of Mount*, 185 N. Y. 162; *Matter of Hance*, 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Von Bernuth*, 127 Misc. 705.)

Submit decree on notice construing the will and settling the account accordingly.