In the Matter of the Estate of JOHN T. KELLY, Deceased.

Surrogate's Court, Westchester County, September 23, 1936.

*Davies, Auerbach & Cornell* [*Sydney G. Soons* and *Rexford E. Gardner* of counsel], for the petitioner The Chase National Bank of the City of New York, as trustee, etc.

*Franklin Brooks*, special guardian.

SLATER, S. The decedent's will, by article ninth (c), created a trust for his daughter, Irene E. McCollom, and gave her a general power of appointment over the fund. She died leaving a will probated in Kings county, in which no reference was made to the power so to appoint. She created trusts of her residuary estate for her four children, directing that, in case of the death of a child before thirty-five, without issue, the fund held for such child should be subdivided and added to the trusts for the other children.

In addition to the trust for Mrs. McCollom under article ninth (c), a part of two trust funds created by articles third and fourth of the Kelly will for his widow's benefit, passed into the McCollom trust. Under article ninth (c) Mr. Kelly's will provides that, if the power of appointment was not lawfully exercised by Mrs. McCollom, the trust fund should pass to her issue her surviving. She was survived by four children as above stated.

Section 18 of the Personal Property Law provides that personal property embraced in a power to bequeath passes by a will purporting to pass all the personal property of the testator, unless an intent can be spelled out that the will *shall not operate and such intent appears therein, whether expressly or by necessary implication.* Such an implication cannot be found in the instrument. (See *Low* v. *Bankers Trust Co.*, 270 N. Y. 143 [March, 1936].)

The two wills must be read together and we find that the donee, Mrs. McCollom, attempted to suspend the vesting of the appointed funds, (1) in the case of those under articles third and fourth of the Kelly will, for three and possibly four lives, namely, Mrs. Kelly, Mrs. McCollom, one of her children, and, in case of the death of a child before thirty-five without issue, for each of the other children; and (2) in the case of the trust under article ninth (c), for the same number of lives except Mrs. Kelly's.

A further ground of invalidity is the direction in Mrs. McCollom's will that a trust of part of her residuary estate be set up for the issue of any child of hers predeceasing her. Such provision was for a child not *in being* at the death of the donor, Mr. Kelly, in violation of the rule against perpetuities. (*Matter of Stillman*, 161 Misc. 315; *Matter of Hayman*, 134 id. 803; affd., 229 App. Div. 853; affd., 256 N. Y. 557.)

The donor, John T. Kelly, was domiciled in Florida, and I find that the law of that State is applicable to this question with respect to the Florida real estate and the personalty. The trust fund now before the court contains an undivided interest in Pittsburg, Pa., real estate, and I find that the law of that State is applicable thereto. (*Hillen* v. *Iselin*, 144 N. Y. 365, 378; *Matter of New York Life Ins. & Trust Co.*, 139 N. Y. Supp. 695; affd., 157 App. Div. 916; affd., 209 N. Y. 585; *Matter of Harbeck*, 161 id. 211, 218; *Matter of Campbell*, 138 Misc. 800.) I find that the common-law rule obtains in Florida (*Story* v. *First Nat. Bank & Trust Co. in Orlando*, 115 Fla. 436; 156 So. 101) and that, with respect to the personalty and Florida real estate, the power of appointment was not exercised because there was no reference to it, or the property involved, in the will of the donee, Mrs. McCollom. (*Blagge* v. *Miles*, Fed. Cas. No. 1479; 1 Story, 426.)

I hold that under the laws of all three States here involved there was no valid exercise of the power because any attempted exercise thereof violated the rule against perpetuities obtaining in each of these States. "An illegal appointment is no appointment. (*Guaranty Trust Co.* v. *Harris*, 267 N. Y. 1.) " (*Low* v. *Bankers Trust Co., supra.*)

It follows that the remainder interests passed under John T. Kelly's will to Mrs. McCollom's issue her surviving in equal shares. Proceed accordingly in a decree for distribution.