In the Matter of the Will of MAX E. BERNHEIMER, Deceased.

Surrogate's Court, New York County, June 26, 1943.

*George F. Kurzman* and *Charles Looker* for Stella S. Housman and others, as trustees, petitioners.

*Stephen J. McTague, T. Sherman Class* and *Harry Civiletti* for Patricia B. Lonergan, respondent.

*Chadbourne, Wallace, Parke & Whiteside* for Lucille W. Burton, respondent.

*John G. Saxe,* special guardian for Wayne W. Lonergan, an infant.

*Nathaniel L. Goldstein, Attorney-General of the State of New York.*

FOLEY, S.   A construction of the will is requested by the accounting trustees.   The question is whether the remainder interests in the residuary trust vested in the children of the testator at the time of his death or whether they are contingent upon the children surviving the life beneficiary.

The Surrogate holds that the testator intended a gift to a class.   It was clearly contingent.   Survivorship to the death of the life beneficiary was made a prerequisite to the vesting of the remainders.   (*Matter of Bostwick,* 236 N. Y. 242; *N. Y. Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Curtis,* 252 App. Div. 256; *Matter of Hogg,* 156 App. Div. 301.)

The primary rule of construction is " that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail ".   (*Matter of Buechner,* 226 N. Y. 440, 444.)   Canons of construction are but guides in the search for his intent.   When his purpose is otherwise clear, there is no need to resort to extrinsic aids to construction.

A careful analysis of all of the provisions of this will makes it clear that the testator intended that the remainder of the residuary trust was to be distributed to the members of a class which were not to be ascertained until the termination of the

trust upon the death of his wife. In the creation of this trust, the principal object of the testator's concern was plainly his wife. His sons had been generously provided for in another part of the will. It is evident, moreover, that he intended to confine the gift of the remainder to those of his blood.

The trustees were directed to hold the fund during the term of the widow's life. "Upon her death" a division into shares was to be made. Until that time the fund was to remain intact. One share was to be set aside for each child and one share for the issue collectively of any deceased child. It is true that the testator in referring to his children used the words "each of my children me surviving." These terms, however, were not used by him to denote an indefeasible vesting in title as of the time of his own death. They are only a part of the sentence used to express his thought and must be viewed in their context. One share is to be set aside for his children "and one for the issue collectively of any deceased child of mine." The text should be interpreted just as if he had said: The division is to be in as many shares as there shall be children surviving me and then living or represented by issue then living. The words "me surviving" are not in and of themselves a decisive indication of vesting. (*Matter of Hogg, supra.*)

After the widow's death and the division of the fund was made, each share "so allotted to" each child was given to the executors on a further trust. The testator used the words, "I give devise and bequeath the same to my executors." As to each share allotted to the issue of a deceased child, the executors were directed to "pay over absolutely" to such issue at the termination of the trust. Since the only shares bequeathed are the shares produced by the allotment, the testator plainly intended that futurity was to be annexed to the substance of the gift. (*Matter of Buechner, supra.*)

The provision for outright payment to the issue of a deceased child is significant when contrasted with the continued trust for his own children. He was undoubtedly guided in this disposition by our statutes against perpetuities. (Personal Property Law, § 11; Real Property Law, § 42.) Apparently, he thought of the issue of a deceased child as persons not in being at the time of his death, and he considered his wife's death as the event which would determine the issue entitled to participate in the share. He contemplated the possibility that children living at his death might predecease their mother leaving issue surviving them. He directed that these grandchildren should take the share of their deceased parent.

Moreover, the shares allotted to each of his children were, in all events, to be continued in trust until the respective child attained the age of thirty years. In the event that such child should die during the continuance of the trust for his benefit, substitutional gifts of the remainder were made. Both sons reached the age of thirty but have since died. The life beneficiary is still alive. These provisions for the alternative gifts in the event of the death of a child during the trust period illustrate his plan to confine the gifts to his own blood and to avoid distribution to strangers under the wills of such of his children who predeceased the life tenant. These provisions indicate also his intention that the gift was to be conditional and *in futuro*.

A condition in a will that one shall not have complete enjoyment of a remainder interest until he attains a specified age is construed to withhold vesting unless he both survives the life tenant and reaches the required age. Survivorship and attainment of the required age are both required. (*Matter of Bostwick*, 236 N. Y. 242, *supra; N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, *supra; Matter of Loeb*, N. Y. L. J., Oct. 22, 1935, p. 1413, col. 5, affd. 248 App. Div. 557; *Matter of Kertscher*, N. Y. L. J., June 21, 1935, p. 3210, col. 1, affd. 247 App. Div. 714.)

The testator contemplated the possibility that a child might attain the age of thirty during the lifetime of the widow. In such case the executors were empowered to advance such child limited sums out of the principal " so held in trust for the benefit of my wife." He expressly made reference to the fund as held in trust for his wife. He carefully avoided the use of such terms as " shares " or " shares so allotted " which he used when referring to the children's trusts. Thus, there is a further indication of his intention that there was to be no allotment or division until the death of his wife.

All of these tokens of intention justify the conclusion that the gift of the remainder be construed to be contingent.

Neither of the testator's sons was vested in absolute title as to any part of the remainders. Any future contingent interest was extinguished by their deaths prior to their mother. Their estates never had any interest under the will of this testator. Since the life beneficiary is still living, the question as to the persons who will be entitled to the remainders on her death, is academic at the present time. It will be reserved for determination when the trust terminates and the realities are known. (*Looram* v. *Looram,* 269 N. Y. 296, 303; *Matter of Mount,* 185

N. Y. 162; *Matter of Hance,* 180 N. Y. S. 269, affd. 192 App. Div. 904; *Matter of Stillman,* 161 Misc. 315.)

· (Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.)

Submit decree on notice construing the will and settling the account accordingly.