W. Vincent Grady, S.
Application having been made to this court by the trustees herein for a construction of the will of Annie L. Flagler, and for instructions regarding the trust for Anne Harris Van Eyne, and it appearing that Annie L. Flagler died a resident of Millbrook, Dutchess County, New York, on *706 December 28, 1939, and that her will was duly admitted to probate in this court on January 15, 1940, and that Louis Lee Stanton and the Bank of New York are duly acting under letters of trusteeship issued by this court, and it further appearing that Anne Harris Van Byne (formerly Anne Lamont Harris) the primary income beneficiary of one of the trusts under article sixth of the will of Annie L. Flagler, died on May 21,1956, and that by reason of her death that trust is terminated, and it appearing that Louis Lee Stanton and the said Bank of New York as trustees, have submitted to the court an account of their proceedings in respect to said trust so terminated, and it further appearing that a citation was issued to all the parties interested in this proceeding and that John L. Palisi, Esq., attorney and counselor at law of Beacon, New York, was designated to receive a copy of said citation on behalf of John Andrews Harris, V, an infant under the age of 14 years, and the matter having come on to be heard by this court on December 13, 1956, and no one having appeared but petitioners through their attorneys, Cravath, Swaine & Moore, Esqs., of 15 Broad Street, New York 5, New York, with William D. Sullivan, Esq., of counsel, and the court having appointed John L. Palisi, Esq., as special guardian for the infant, John Andrews Harris, V, and after receiving a copy of the special guardian’s report, and a memorandum of law submitted by the special guardian on behalf of his ward, and after hearing the respective attorneys and after due deliberation thereon, the court finds and decides as follows:
It appears that article sixth of the last will and testament of Annie L. Flagler states as follows:
sixth: To my Trastees hereinafter named I give and bequeath IN TRUST the sum of Twenty-five thousand Dollars ($25,000) in respect to each of my grandchildren (whether heretofore or hereafter bom) who shall be living at the time of my death to hold one such sum of Twenty-five thousand Dollars ($25,000) for the benefit of each of my said grandchildren me surviving, and IN FURTHER TRUST to invest and from time to time to reinvest each such trust fund of Twenty-five thousand Dollars ($25,000) and collect the income therefrom and during the minority of the grandchild for whom such trust fund is held to accumulate said income and, when such grandchild shall have attained the age of twenty-one years, to pay the accumulated income to such grandchild and in FURTHER TRUST after each such grandchild shall have attained the age of twenty-one years to pay to such grandchild the whole net income of said trust fund. I direct that, when each such grandchild shall have attained the age of twenty-one years, my Trustees pay over to him or her Ten thousand Dollars ($10,000) of the principal of said trust fund and, when he or she shall have attained the age of twenty-five years, pay over to him or her the balance of the principal of said trust fund then remaining in Trust, whereupon the trust for the benefit of such grandchild shall cease and determine. In case any grandchild who shall survive me shall die before he or she shall have attained *707 the age of twenty-five years, upon his or her death I give and bequeath the principal of said trust fund then held in trust and the accumulations of income, if any to such person or persons, and in such portions or shares as such grandchild by his or her last will and testament, duly admitted to probate and not otherwise, shall appoint, or in default of such appointment to the issue of such grandchild him or her surviving in equal shares per stirpes, or in default of any such issue then to my issue then surviving in equal shares per stirpes.
It appears that Anne Harris Van Ryne (Anne Lament Harris) was one of the grandchildren referred to in said article sixth and the trust was created for her primary benefit. It further appears that the said Anne Harris Van Ryne died on May 21, 1956 while a resident of the State of Nevada leaving a last will and testament which has been admitted to probate by the First Judicial District Court of the State of Nevada in and for the County of Ormsby. A perusal of the will of said decedent indicates that she did not expressly exercise the power of appointment over the trust which was conferred upon her by article sixth of the last will and testament of Annie L. Flagler, as the only dispositive provision of her will states: “ first: I give and devise all of my property, real and personal, to my surviving issue, per stirpes, or in default of such issue, to the issue of my mother, Elizabeth Flagler Harris, who survive me.”
It appears that Anne Harris Van Ryne never had any children, and that at the time of her death she was survived by her mother, Elizabeth Flagler Harris, and her two aunts, Jean Flagler DeFina, and Mary Flagler Cary, three children of Annie L. Flagler. She was also survived by her two brothers, Harry Flagler Harris and John Andrews Harris, IV, and a nephew, John Andrews Harris, V, a minor son of her brother John, being the infant for whom the special guardian was appointed in this proceeding.
The question presented by the trustees is whether by said article first of the will of Anne Harris Van Ryne she exercised the power of appointment granted to her under article sixth of the will of Annie L. Flagler. If she did not exercise the power, the corpus of the trust would be divided among the issue of the decedent, Annie L. Flagler, in equal shares per stirpes pursuant to article sixth of the will of Annie L. Flagler. If she did exercise the power, this would make her two brothers, Harry and John, the beneficiaries of her trust.
From a review of the established law in this State, in the case of a testamentary power over personalty created by will, the law of a donor ’s domicile at death controls as to the validity of the exercise of the power, including the validity of exercise by a will purporting to dispose of all the donee’s property. The Restatement, Conflict of Laws, in terms so provide (§ 288): *708 “ If a power to appoint movables by will is created by a will, the question whether it is exercised by a general bequest not specifically mentioning the power is determined by the law of the domicil of the donor of the power at the time of his death.” The same rule is set forth, in substance, in Powell on Beal Property ([1952], vol. 3, par. 397, p. 347).
The leading case in the State is Matter of New York Life Ins. & Trust Co. (209 N. Y. 585, 586 [1913]) in which the Court of Appeals said: '‘ the construction and effect of the will of Madama Franchetti, in so far as it involved an exercise of the power of appointment conferred by the will of her father, is governed by the law of this state, the domicile of the donor of the power, and the situs of the property ’ ’. The court noted that the Surrogate had found as a fact that the donee intended the will to be construed according to New York law. (See 139 N. Y. S. 695, affd. without opinion, 157 App. Div. 916.)
From the Surrogate’s opinion it appears that the donor was domiciled in New York and his will was probated there, and the trust was managed by a trustee domiciled in New York, while the donee was domiciled in Italy and executed her will there. The donee’s will provided, in part, as follows: “ I give, devise and bequeath to my husband Leopold Franchetti, absolutely, all my property, both real and personal, whatsoever and wheresoever situated.” The provision is strikingly like the provision in the instant will, and in each case the trust consisted of personalty. (However, the Franchetti will was executed in New York.) The Surrogate stated: “It is not, I think a universally accurate proposition of law that the question, whether or not there is due execution of a power by last will and testament, is never to be determined by lex loci domicilii of the donee of the power, but always by the law of the donor’s domicile * * * If a power is a purely beneficial power or assets of the donee of the power, the lex loci domicilii of the donee of the power may govern * * * But this is not that case.” (139 N. Y. S. 695, 704.) It will be seen that if the assets were those of the donee, then the donee was the creator of the power. And the Surrogate held that a power to grant to someone other than the appointor was not a beneficial power but a trust power. The Surrogate thought it probable that the donor intended the law of his domicile to control its exercise. And the donee was only “ the instrument through which the donor’s will is effected.” (Ibid., p. 705.) But then he found as a fact that the donee intended New York law to control as to her will also. The Court of Appeals, however, rested its decision *709 squarely on the factors of the donor’s domicile and the “ situs ” of the fund.
In the case of Matter of Burling (148 Misc. 835), wherein the court set forth the agency doctrine as to power of appointment, and said (p. 843): “ For like reason, a foreign will exercising a power of appointment granted by a domestic one is, in respect to the effect of such appointment, governed by domestic law ”. Accordingly, section 18 of the Personal Property Law applied and the donee’s will, purporting to dispose of all property “ over which he held the right of disposal ”, was an effective exercise of the power. (To the same effect see, also, e.g., Matter of Holtorf, 117 N. Y. S. 2d 804 [donor-testator domiciled in New York at death, donee in Germany]; Matter of Trotter, 175 Misc. 356 [N. Y. donor-testator, donee domiciled in England, trust assets apparently managed in New York]; Matter of Kelly, 174 Misc. 80; cf. Matter of Baldwin, 139 N. Y. S. 2d 413; City Bank Farmers Trust Co. v. Meyn, 263 App. Div. 671.)
In the cases decided since the New York Life case (supra), the rule has generally been phrased in terms of following the law of the donor’s domicile, even where the appointive property was situated elsewhere. See, e.g., Matter of Campbell (138 Misc. 800), where the property was in the possession of the donee as life tenant. The donee’s will did not refer to the appointive property and so did not exercise the power under the law of the donor’s domicile, Illinois. The result would have been otherwise under the law of the donee’s domicile, New York.
It seems clear therefore that in the instant ease the court should apply New York law, which is the law of the domicile of the testatrix, Annie L. Flagler, the donor of the power and of the State in which the trust has been administered.
It is equally clear that applying the New York law the power must be deemed exercised by the donee Anne Harris Van Ryne in her will which disposed of “ all of my property, real and personal ” even though the will did not mention the power. This is a rule prescribed by section 18 of the Personal Property Law, which provides as follows: “ Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication.”
The will of Anne Harris Van Ryne appears to have been executed in Pennsylvania, after which she changed her domicile to Nevada, and the meaning of the words in her will should *710 be determined in accordance with Pennsylvania law. (Restatement, Conflict of Laws, § 308.)
Pennsylvania does not have a similar statute to our section 47-a of the Decedent Estate Law, but it appears under Pennsylvania Court Decisions that a gift to ‘1 issue ’ ’ would be construed to be per stirpes rather than per capita. The Pennsylvania Supreme Court has so held in the case of Mayhew’s Estate (307 Pa. 84 [1932]). That case involved a remainder after the death of the life tenant to the life tenant’s issue. The life tenant was survived by 6 children and 12 grandchildren. The court held that the grandchildren took no interest under the will, and that distribution was to be per stirpes. The court in that case said at pages 91-92: “ We, therefore, agree with the growing majority of states which hold that where the word ‘ descendants ’ or ‘ issue ’ is unexplained in the context of the instrument, children do not take concurrently or per capita with their parents, but take per stirpes.”
Mayhew’s Estate was followed in Frishmuth’s Estate (25 Pa. D. & C. 714 [1936]). It has been applied to “ gifts to children and grandchildren ”, see Fahey’s Estate (360 Pa. 497 [1948]) and to gifts to brother and sisters or “ the issue of such as then may be dead”, see Lentz’ Estate (167 Pa. Superior Ct. 377 [1950]).
Therefore, it would appear that under the rule of construction applied by Pennsylvania courts and the intention of the testatrix Anne Harris Van Ryne, as expressed in her will, that the infant John Andrews Harris, V, does not have any interest in her estate, or in any property over which she exercised her testamentary power of appointment, and since she was not survived by children or issue of her own, that she intended her entire estate to go to her brothers if they survived her.
It is the conclusion of this court therefore: (1) That Anne Harris Van Ryne did exercise the power of appointment over the corpus of the trust created by article sixth of the will of Annie L. Flagler, deceased, (2) That the expression, “ issue of my mother, Elizabeth Flagler Harris, who survive me” in the same will, includes only John Andrews Harris, IV, and Henry Flagler Harris. (3) That the corpus of the trust created for the primary benefit of Anne Harris Van Ryne should be distributed in equal shares to John Andrews Harris, IV, and Henry Flagler Harris.
Submit decree accordingly on notice to the special guardian.