William J. Regan, S.
This is a proceeding for the judicial settlement of the accounts of the trustees under the will of Raymond T. Jones and for a construction of the will concerning the disposition of income and principal under the trust.
Raymond T. Jones died on May 25, 1939 leaving a will dated June 29, 1938. Article Sixth of the will placed the preferred stock of Ferland, Inc., in a trust, the pertinent provisions of which are as follows:
“ (b) To collect and receive all dividends and income from said preferred stock when and as declared and payable, and thereupon to divide and distribute the same to and between my sons, H. MORTON JONES, RAYMOND T. JONES, JR., and CHARLES D. jones, in equal shares and proportions. In case of the death of any of my said sons prior to the termination of the trust hereby created, the share of the dividends and income aforesaid which would have been payable to him if living, thereafter shall be paid by said trustee to the legal representatives of the estate of such deceased son until the expiration of said trust.
“ (c) Upon the expiration of the trust hereby created to divide the stock, securities and property then constituting the principal of said trust fund into three equal parts or shares and thereupon to pay over and distribute to each of my sons, H. MORTON JONES, RAYMOND T. JONES, JR. and CHARLES D. JONES, or to the legal representatives of any of them who theretofore may have died, one of such equal parts or shares.
“ (d) The duration of the trust created hereby shall be for the lives of my sons, Raymond t. jones, jr. and charles d. jones, and upon the deaths of both of them, the said trust shall terminate.”
The residue of the estate was left to the same three sons in equal shares without restriction.
This court is now asked to judicially construe the meaning of the phrase “ legal representative of the estate” as used in *360 Paragraph (b) of Article Sixth and the additional phrase, “ legal representative of any of them ” 'as used in Paragraph (e) of the same Article. The executors of the estate contend that both of these phrases should mean executors and administrators, while the respondents, including the special guardians appointed by this court, argue that the words mean lineal descendants of the deceased.
Two of the children named in Paragraph (c) are now deceased and are both survived by children and grandchildren. Paragraph (d) of this Article goes on to provide for the eventual distribution of the corpus of the trust upon the death of two named life beneficiaries.
The will dated June 29,1938 was prepared by a lawyer-draftsman and was admitted to probate by this court on June 16, 1939. Essentially, the corpus of the trust includes 500 shares of preferred stock in Ferland, Inc., which, in turn, owned most of the stock of the family business known as the E. T. Jones Company.
The issue before this court is clearly defined and there are a number of basic rules of construction that must be considered when two interpretations of a clause in a will are possible. The intention of the testator is the most respected of all canons of construction. Normally this intention should be ascertained by the instrument itself but where impossible the court should consider the extrinsic evidence.
If a predominant idea underlies the general testamentary scheme, then the court should strive to observe it throughout the entire instrument. Nor should the court rewrite, reform or reconstruct a will. It is bound by the language and intention of the testator. A provision cannot be inserted because of subsequent or changed conditions on the presumption that the testator would have done so himself had be thought of it. (Matter of Trevor, 239 N. Y. 6.) The intention to be ascertained must be found at the time of the execution, not at a subsequent date. (Matter of Hoffman, 201 N. Y. 247.)
Under normal conditions the language of a will should be given its ordinary and everyday meaning. (Matter of Bernheimer, 184 Misc. 501.) Despite the fact that the words in question may have a technical meaning the important thing is what the words meant to the testator at the time of executing the will.
"Where a testator uses the same words in different parts of his will they are ordinarily given the same meaning. In Paragraph (b) the phrase “legal representatives of the estate ” appear, while in Paragraph (c) merely “legal representative of any of the ” appear. Despite the addition of certain words *361 between Paragraphs (b) and (c) this court feels that both clauses must be interpreted similarly. It does not appear a testator could have intended to mean one thing in Paragraph (b) and another in Paragraph (c).
All the parties have presented very capable and well-considered briefs. This phrase “legal representative ” has been the subject of a number of decisions over the years. Unfortunately the term has been defined both ways; that is, administrators and executors or lineal descendants.
No will has a twin brother. (Matter of King, 200 N. Y. 189.) The hearing held before this court on July 9, 1965 shed little light on what the actual intention of the deceased may have been.
This court feels that if possible the intention should be reconstructed from the will itself. After making certain small specific bequests to favored employees, the testator placed the shares of stock in trust for the benefit of his three children during their lifetime. The residue of his substantial estate was given outright, without restriction, to the same three children in equal shares. By giving his residuary estate directly to his children the testator indicated that he possessed sufficient confidence in each of their abilities to dispose of his property as they deemed appropriate. Each son’s share could be disposed of as they saw fit. The testator made no effort to restrict the eventual disposition of his residual estate.
It appears incongruous to this court to argue that the testator intended that the trust corpus should be restricted to his lineal descendants when, by the same instrument, he gave the same people the right to dispose of his residual estate if they saw fit, without regard to blood lines. Nor is this court moved by the contention that if, in fact, the testator intended the words to mean “ executors and administrators ” he could easily have said so. The converse is equally true. The words, “heirs ”, “ issue ”, “ children ”, “ descendants ”, “ next of kin ” and so forth do not appear.
An additional argument is made that the intermediate accounting filed by the trustees in 1948 acts as res judicata on this issue. With this this court cannot agree. Different parties appear in the present proceeding than did in the 1948 accounting, so that an earlier determination, even if made on this issue, which it was not, would not bind the present litigants.
It is the opinion of this court that the phrase “legal representative” used in both Paragraphs (b) and (c) of Article Sixth of the testator’s will dated Juno 29, 1938, is intended to mean “executors and administrators” and that the property held in trust should be disposed of accordingly.