Jack FRASER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. 15037.

United States District Court
E. D. Michigan, S. D.

Oct. 16, 1957.

Benjamin E. Jaffe, Miles Jaffe, Detroit, Mich., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland and Arthur L. Biggins, Attys., Dept. of Justice, Washington, D. C., Frederick W. Kaess, U. S. Atty., Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

LEVIN, District Judge.

This is an action for refund of $4,432.-71 paid by plaintiff as part of his income tax for the year 1941. The plaintiff, a cash basis taxpayer, contends that the Government erroneously included in his 1941 income a $9,000 bonus which he alleges he did not receive until 1942, the year in which he reported it.

Plaintiff owned 66% of the stock of the Adcraft Sales Promotion Company, Inc., a corporation engaged in the creation and promotion of sales material for the automobile industry. He was responsible for about 75% to 80% of the sales of the company. On December 8, 1941, the day following the attack on Pearl Harbor, plaintiff volunteered for military service. Plaintiff's imminent departure and the likelihood that sales by the corporation would suffer because of the conversion of the automotive industry to war production led the stockholders to decide to dissolve the corporation.

On December 19, 1941 plaintiff submitted the following offer to the corporation:

"I hereby offer to purchase all of the assets, the name and good will of Adcraft Sales Promotion Company, Inc., for $21,200 and on this basis I will assume all liabilities of the corporation."

On December 30, 1941 plaintiff's offer was formally accepted by the directors and stockholders. The minutes of the stockholders and directors meetings which evidence this acceptance recite that the sale of the assets to the plaintiff is " * * * subject to his [plaintiff] assuming all of the liabilities of said company * * * " On the same date the stockholders agreed to dissolve the corporation as of December 31, 1941.

On December 31, 1941 the corporation executed a bill of sale to the plaintiff for "all of the assets of Adcraft Sales Promotion Company, including but not limited to the assets shown in the inventory marked Schedule 'A' annexed hereto." The bill of sale did not recite that the sale was subject to the assumption of the corporate liabilities.

Some time during the month of December 1941 the corporation voted a $9,000 bonus to the plaintiff. Plaintiff in his income tax return for 1941 re-ported the gain derived by him from the purchase of the assets of the corporation [1] but did not report the $9,000 bonus as income for that year. The Government assessed a deficiency against plaintiff of $4,432.71 for 1941, based upon the non-inclusion of the $9,000 bonus. Plaintiff paid this alleged deficiency and filed a timely claim for refund on March 5, 1950. Statutory notice of the disallowance of the claim was received by plaintiff on or after January 7, 1954. The present suit for refund was instituted on December 21, 1955.

The only issue before the court is whether the $9,000 bonus was received by the plaintiff, actually or constructively, in 1941.

The Government, to support its contention that the $9,000 bonus was income to the taxpayer in 1941, relies primarily upon the directors and stockholders minutes which state that the purchase was to be subject to the assumption of all corporate liabilities. This recitation, the Government argues, covered the $9,000 bonus liability as well as all other corporate liabilities. Corroborative of this conclusion, asserts the Government, is the plaintiff's claim for refund which reads in part:

"Taxpayer purchased assets and assumed the liabilities of a corporation known as Adcraft Sales Promotion Company, Inc., as of December 31, 1941. Among the liabilities on the books of the corporation was one to taxpayer for accrued salary in the amount of $9,000."

Plaintiff, however, contends that it was never intended that he assume the $9,000 bonus liability and that the corporate records are inaccurate to the extent that they do not reflect this intention. Moreover, he asserts that the corporate records are inconsistent and therefore lack probative force. He points out that while the minutes of the stockholders and directors meetings state that the sale was subject to the assump-

---

1. Plaintiff surrendered his stock in the corporation as consideration for the assets he purchased. The long term capital gain reported by the plaintiff apparently reflected the gain arising out of the surrender of the stock for the assets.

tion of all liabilities, the bill of sale does not contain a similar recital and the journal entries and other corporate records do not show that the bonus was paid in 1941.

▮▮ A taxpayer may arrange his business transactions so as to minimize taxes. Chamberlin v. Commissioner, 6 Cir., 1953, 207 F.2d 462. He cannot, however, arbitrarily choose the year in which he will report his income. Loose v. United States, 8 Cir., 1934, 74 F.2d 147. Plaintiff asserts that "assets could have been reserved" by the corporation to pay the bonus in 1942 and that the "transaction" could have been planned so as to escape taxability to the plaintiff in 1941. This, however, was not done. Tax liability must be determined on the basis of what was done and not upon what might have been done. United States v. Phellis, 1921, 257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180; Founders General Corp. v. Hoey, 1936, 300 U.S. 268, 57 S.Ct. 457, 81 L.Ed. 639.

▮ The corporation did not carry on any business subsequent to December 31, 1941. Plaintiff purchased all the assets of the corporation without reservation. While plaintiff contends that he was not paid the bonus until 1942, there has been no showing that the corporation had any assets in 1942, retained or acquired, with which to make such payment. In fact, plaintiff testified that the alleged source of payment in 1942 was the corporate bank account, the bank account that he acquired in 1941. At that time his right to the bonus was unrestricted and he had constructive, if not actual receipt of the money. See, Acer Realty Co. v. Commissioner, 8 Cir., 1942, 132 F.2d 512.

While conceding the inconsistency of the corporate records, the plaintiff, in the light of the total effect of the transactions and events prior and subsequent to the dissolution of the corporation, has failed to establish that the Government's determination that the $9,000 bonus was income to him in 1941 was erroneous.

Accordingly, plaintiff's claim for refund is denied.