Barbara Hopkins and John P. Fauble, Plaintiffs-Appellants, v. Norman P. Fauble, Individually and as Trustee Under the Will of George L. Fauble, Deceased, and Lewis G. Fauble, Defendants-Appellees.

Gen. No. 64-7.

Third District.

April 10, 1964.

Roger V. Pierson, of Princeton, and E. A. Gilchrist, of Walnut, for appellants.

Robert H. Reck, and Fred P. Wagner, both of Mendota, for appellees.

CULBERTSON, P. J.

This cause is before us by reason of a transfer from the Supreme Court of this State following an appeal directed to such Court from the Circuit Court of Bureau County.

The order of the Circuit Court of Bureau County found that the donee of the power under a will, Lydia D. Fauble, deceased, by her will had affirmatively exercised a power of appointment given to her in the will of her deceased husband, George L. Fauble. George

L. Fauble died testate, on April 22, 1956, and in his will provided in part as follows:

> "I hereby give to my said wife the right to direct my said Trustee, by her will, as to the manner in which he shall dispose of my said real estate at her death, but, in the absence of such direction on her part, by her will, I direct my said Trustee following the death of my said wife, to convey said real estate to my sons, John P. Fauble and Lewis G. Fauble and my daughter, Barbara F. Hopkins (one-third to each)."

The decedent died owning certain real estate. There was a recital in decedent's will to the effect that he had given another son, Norman P. Fauble, no part of his real estate because he had heretofore conveyed to him a certain tract of land.

The widow, Lydia D. Fauble, died testate, on November 13, 1961. In her will, while making no specific reference to the will of her husband, nor to the power contained in that will, she devised all the real estate devised by George L. Fauble to Norman P. Fauble, as Trustee, specifically, to Norman P. Fauble, Lewis G. Fauble, John P. Fauble, and Barbara F. Hopkins, devising specific tracts to each of said persons.

On appeal in this Court, it is the contention of the plaintiffs, Barbara Hopkins and John P. Fauble, that the power contained in George L. Fauble's will was not properly exercised by the donee of the power, Lydia D. Fauble. Basically, a contention is made that the power of appointment which was created by that will was limited by every portion of that will and was thereby restricted, and was to be performed in a particular manner, and that consequently, Lydia D. Fauble, did not properly exercise the power of appointment given by the will of her husband. The basis of such contention is, essentially, that since the will of

■■■■■■■■■■■■■■■■

George L. Fauble specifically provided that the widow should direct the Trustee as to the manner in which he was to dispose of the testator's real estate at her death, and since the will contains no specific direction to the Trustee in light of the provisions of the will, that there was a resultant failure to exercise the power.

■ ■ If the donee of a power intends to exercise a power contained in a will that intention however manifested, whether directly or indirectly, will make the execution of that power valid and operative (Funk v. Eggleston, 92 Ill 515; Goff v. Pensonhafer, 190 Ill 200, 60 NE 110). In the order entered by the Trial Court in this cause it was stated correctly by such Court, "Even the technical English rule criticized in Funk v. Eggleston, 92 Illinois 515, would not have held the donee of the power to strict compliance with the language of the donor's will in the exercise of the power, for by this strict English rule the court held that there were three specific situations by which the intention to exercise the power could be manifested: (1) a specific reference to the power; (2) reference to the subject matter covered by the power; and (3) where the instrument would be inoperative without the aid of the power. Under either (2) or (3) of these requisites the intent of Lydia D. Fauble to exercise the power is manifested, because in her will she makes specific bequests of the subject matter of the power and describes the various tracts of real estate, and these provisions of her will would be completely inoperative without the aid of the power.

"Reference to the power is not essential, and the instrument need not take the slightest notice of it, provided the intent to exercise the same appears."

The evidence in this case indicates that Lydia D. Fauble was aware of the existence of the power at the time of the execution of her will. She also knew she had only a life estate in the real estate. It is therefore

quite apparent from a reading of her will that she intended to exercise the power conferred upon her. Technical language in a will is not necessary to the exercise of such right or power, and if the intention is clear it will be given effect, however informal the language may be (Merchant's Loan & Trust Co. v. Patterson, 308 Ill 519, 139 NE 912; Emery v. Emery, 325 Ill 212, 156 NE 364). The circumstance that George L. Fauble expressly omitted Norman P. Fauble from a share of the real estate placed no restriction upon the appointment by Lydia D. Fauble of Norman P. Fauble as one of the beneficiaries. Her power of appointment was completely unrestricted as to whom Lydia D. Fauble could appoint, and since she clearly and expressly appointed all four children the Trial Court properly gave effect to such exercise of the power of appointment (Rettig v. Zander, 364 Ill 112, 4 NE2d 30).

We, therefore, conclude that the power of appointment was properly exercised, and the order of the Circuit Court of Bureau County will, therefore, be affirmed.

Affirmed.

ROETH and SCHIENEMAN, JJ., concur.