Cyrus Q. STEWART, Jr., and William L. Stewart, as Executors of the Will of Mildred L. Stewart, Deceased, Plaintiffs-Appellants,

v.

The UNITED STATES of America, Defendant-Appellee.

No. 74–1577.

United States Court of Appeals, Fifth Circuit.

April 24, 1975.

William L. Stewart, Myers, Fla., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Jay R. Weill, Meyer Rothwacks, Chief, App. Sec., William S. Estabrook, III, Tax Div., Dept. of Justice, Washington, D. C., John L. Briggs, U. S. Atty., Jacksonville, Fla., Loring W. Post, Tax Div., Dept. of Justice, Washington, D. C., Hugh Smith, Gary R. Trombley, Asst. U. S. Attys., Tampa, Fla., for defendant-appellee.

Before GEWIN and SIMPSON, Circuit Judges, and NICHOLS,* Associate Judge.

GEWIN, Circuit Judge:

Appellants, as executors of the will of Mildred L. Stewart, deceased, (the testatrix or decedent) seek the refund of estate taxes, plus interest, paid on a deficiency assessed against them by the Commissioner of Internal Revenue. The district court ruled adversely to the executors and we affirm.

The facts are not disputed. In July 1929, William T. Lynam (the settlor) created an inter vivos trust, the beneficiaries of which were the settlor and his children, Rodney, William T., Jr., and Mildred L. Stewart. As indicated, this suit involves the will and estate of Mildred L. Stewart. The pertinent terms of the trust for purposes of this appeal provided that the net trust income should go to Rodney Lynam for life and at his death the remaining corpus should be divided equally between William T. Lynam, Jr. and Mildred L. Stewart. In the event Mildred predeceased Rodney her share was to go to whomever she designated in her last will or in default of her exercise of such power to her issue *per stirpes.*[1] The parties agree that by virtue of the terms of the trust the decedent possessed a general power of appointment. The issue on appeal, whether the decedent-donee exercised the power [2] arises as a result of the trust instrument's generous provision for the execution of the power. The trust instrument provided:

> It is the true intent and meaning of this Declaration of Trust that in the making of a will by either or both the said Mildred L. Stewart or William T. Lynam, Jr., it shall not be necessary for her or him to make reference to her or his share and interest in the Trust Estate herein established, but the said share and interest *shall be held* to vest in their respective legatees as fully and to all intents and purposes, in the same manner as any other portion of her or his estate then actually in her or his possession, any law, custom or usage to the contrary notwithstanding. (Emphasis added)

* Of the U. S. Court of Claims, sitting by designation.

1. The settlor William T. Lynam died in 1931; William, Jr. died in 1938; Mildred died in 1965; and Rodney died in 1966.

2. The appellee originally urged that the decedent's interest in the 1929 trust was alternatively includable in her estate under either 26 U.S.C. § 2033 or § 2041. The district judge held § 2033 inapplicable but agreed with the government that decedent's interest was taxable by virtue of 26 U.S.C. § 2041.

Since we agree with the district judge that the decedent's interest was properly taxable under 26 U.S.C. § 2041 we need not consider the appellee's contention that 26 U.S.C. § 2033 also serves to bring decedent's share of the trust corpus into her gross estate. For a discussion of the relationship between section 2033 and 2041 see Helvering v. Safe Deposit and Trust Co., 316 U.S. 56, 62 S.Ct. 925, 86 L.Ed. 1266 (1942); Connecticut Bank and Trust Co. v. United States, 465 F.2d 760 (2d Cir. 1972); R. Stephens and G. Maxfield, The Federal Estate and Gift Taxes at 49 (2d ed. 1967).

In 1965 the decedent died testate, but her will which was executed on May 29, 1964, made no mention of the general power of appointment. The trustee, Wilmington Trust Company of Wilmington, Delaware, distributed the decedent's interest in the trust corpus as provided by the residuary clause of her will; forty percent to her daughter and thirty percent to each of her two sons.[3] An estate tax return was timely filed but failed to include as part of the estate any interest in the 1929 trust. The district court ratifying the Commissioner's finding that the decedent had exercised the pre-1942 general power of appointment[4] held that the estate tax return was deficient. This appeal followed. The appellants contend that the district court erred in holding that in light of the previously quoted trust provision the decedent's will constituted an exercise of her general power of appointment, regardless of any intent on decedent's part to exercise the power. We affirm, but hold that under the facts and in the circumstances stipulated by the parties and disclosed in the record the decedent's intent to exercise the general power of appointment was as a matter of law and fact manifested by the execution of her will.

The powers of appointment section of the Internal Revenue Code has had a long and variegated history.[5] The present section 2041, a result of Congressional statutory revision undertaken in 1951 in order to remedy dissatisfaction with the 1942 Revenue Act, provides that property subject to a general power of appointment created on or before October 21, 1942 is includable in the gross estate only when the power is exercised.[6] See Keeter v. United States, 461 F.2d 714, 716 (5th Cir. 1972) and cases cited therein. The question whether a power has been exercised is a frequently litigated one and often arises, as in this case, when a testator purports to dispose of all his property by will but fails to mention the power.[7]

There are basically three contexts in which litigation prompted by a testamentary disposition which fails to mention a power arises: (1) the donor of the power has explicitly provided for the manner in which the power shall be exercised, (2) the donor has indicated that the laws of a particular jurisdiction will control with respect to the question of exercise, (3) the donor has failed to say whether a power is exercised or not exercised by a will which does not mention the power. See generally, A. Scott, The Law of Trusts 4058–71 (3d ed. 1967); Annot. Conflict of Laws as to Exercise of Power of Appointment, 150 A.L.R.

---

3. The will's residuary clause directed that three-fifths of the remainder of decedent's estate be distributed in equal proportions to the decedent's two sons. The remaining two-fifths were to be distributed to the two sons in trust for decedent's daughter during her lifetime but with unlimited power to invade the corpus. The trustee distributed the trust's corpus in the proportions provided by the will but distributed the daughter's share directly to her apparently under the authority given to the testamentary trustees to use any part of the corpus for the daughter's support, maintenance and welfare. No issue as to the manner and proportion of distribution is involved in this appeal.

4. The relevant portions of 26 U.S.C. § 2041 (powers of appointment) of the Internal Revenue Code of 1954 are as follows:

   (a) *In general* . . . the gross estate shall include the value of all property.
   (1) *Powers of appointment created on or before October 21, 1942*—To the extent of

any property with respect to which a general power of appointment created on or before October 21, 1942, is exercised by the decedent—
   (A) by will, or
   (B) by a disposition . . . includible . . . under sections 2035 to 2038.

5. *See generally*, C. Lowndes and R. Kramer, Federal Estate and Gift Taxes 245–46 (Prentice-Hall, Inc., 1956); The Study of Federal Tax Law, Estate and Gift Tax Volume, 277–80 (Pedrick and Kirby, ed. 1972).

6. See footnote 4, supra. Compare 26 U.S.C.A. § 2041(a)(2).

7. See Powers of Appointment in Alabama—A Plea for Reform, 26 Ala.L.Rev. 355, 390 (1974).

   Obviously, the issue will arise with less and less frequency in the context of § 2041(a)(1) in the future.

519 (1944); Annot. Power of Appointment–Exercise, 16 A.L.R.3d 911 (1967); Annot. Powers–Exercise–Intent, 16 A.L.R.3d 951 (1967). Litigation is most prolific when the donor makes no disclosure of intent. In such a case a question of interpretation of the donee's will may arise.[8] The appellants contend that the instant suit presents just such a situation and argue that the taxability of the decedent's interest in the trust depends, therefore, on whether the decedent's intention to exercise the power is evidenced by the execution of her will. If we assume for purposes of discussion that the appellants are correct, it is clear that this court must look to local law for guidance as to whether a power may be exercised by a will which fails to mention the power.[9] Florida the domicile of decedent at the time of her death and Delaware, the state in which the trust was created, both follow the majority rule that the residuary clause of a will, *absent other indications*, is insufficient to establish the fact that a general power of appointment has been exercised. De Pass v. Kansas Masonic Home, 132 Fla. 455, 181 So. 410 (1938); Carlisle v. Delaware Trust Co., 34 Del.Ch. 133, 99 A.2d 764 (1953); Powers, 62 Am.Jur.2d 151 (1972).[10]

**8.** In the absence of a provision in the trust instrument or will under which the power is created that the power shall or shall not be exercised by a will which does not mention the power, a question of interpretation of the donee's will may arise. A. Scott, The Law of Trusts at 4060 (3d ed. 1967).

**9.** See 26 C.F.R. § 20.2041–1(d).

"Whether a power of appointment is in fact exercised may depend upon local law. For example, the residuary clause of a will may be considered under local law as an exercise of a testamentary power of appointment in the absence of evidence of a contrary intention drawn from the whole of the testator's will . . . ."

The rationale underlying this regulation is often repeated: "Although the Federal law fixes the Federal tax incidences of property transfers generated by death, it is the state law that determines the nature of such transfers and the manner by which they are effected." Estate of Goldstein v. Commissioner of Internal Revenue, 479 F.2d 813, 816 (10th Cir. 1973). See United States v. Bank of Clarksdale, 346 F.2d 638 (5th Cir. 1965). See generally, C. Lowndes and R. Kramer, Federal Estate and Gift Taxes, 58, 59 (Prentice-Hall, Inc. 1956):

It is easy to recite the formula here—state law determines the economic substance of rights and their transferability, but federal law decides the taxability of these rights and transfers. It may be difficult to apply such a formula in a concrete case.

**10.** See also, Restatement of Property § 343 (1940) which states that an operative residuary clause of a will is not a manifestation of intent to exercise a power of appointment unless the language of the will "and other circumstances existing at the time of formulation of the will, indicate that the donee understood that he was disposing of property covered by a power . . . ." *Compare* N.Y. Est., Powers & Trusts Law § 10–6.1(a)(4) (McKinney's Consol.Laws, c. 17-b, 1967) (a residuary clause purporting to dispose of all property is presumed to do so absent some indication in the will or circumstances to the contrary), and Keating v. Mayer, 236 F.2d 478 (3d Cir. 1956) (Pennsylvania law provides for exercise of a power by general devise).

The appellants would have us analyze this case in the following manner: (1) While the donor may dictate the mode of exercise, the donee's intent is dispositive of the question whether the power was actually exercised by her will which failed to mention the power. (2) In the absence of any evidence in the will as to the donee's intent to exercise the power the federal court must look to local law for guidance in this regard. (3) Florida law is applicable because Florida was the domicile of the decedent at the time of her death. (4) Florida law provides that a residuary clause, standing alone, is insufficient to establish the exercise of a power of appointment. (5) Ergo, the power was not exercised in the instant case and the trust property subject to the power should not be included in the decedent's gross estate under § 2041(a)(1).

Notwithstanding the appellees rather curious pre-trial stipulation 6(m), ("There are no other facts or circumstances other than the execution of her Last Will and Testament indicating the intention of Mildred L. Stewart to exercise the power of appointment as contained in the trust agreement of William T. Lynam with the Wilmington Trust Company dated July 3, 1929"), the same result obtains from either the appellants' position or our own. That is, assuming the appellants' analytical process correct, we find their conclusion that the donee failed to exercise the power unsupported by local law and the facts of this case. We note that the presence of 6(m) does not obviate the presence of the other stipulations and the inferences to be drawn therefrom. In DePass v. Kansas Masonic Home, 181 So. 410, 414 (1938), the Florida Supreme Court said:

However, we agree with the district court that this suit is properly conceptualized as arising in the first mentioned litigational context in which the donor has explicitly directed the manner of exercise of the power. The positive terms of the trust instrument therefore support the conclusion that the decedent-donee intended to exercise the power of appointment when she executed her will. In other words, this case is not one, as the appellants contend, in which the trust instrument neglects to say whether the power is exercised or not exercised by a will which fails to mention the power, and local rules of will construction are, therefore, incidental to the determination whether the power was in fact exercised.

> Mr. Justice Story states, as the result of the English authorities, that three classes of cases have been held to be sufficient demonstrations of an intended execution of a power: (1) Where there has been some reference in the will, or other instrument, to the power; (2) or a reference to the property, which is the subject on which it is to be executed; (3) or where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power.
>
> In the instant case there was no reference in the will to either the power or the property subject to the power. In addition the residuary clause of the will was operative notwithstanding the execution of the power; property other than the trust corpus passed under the residuary clause. However, Mr. Justice Story is further quoted in DePass v. Kansas Masonic Home as saying: "If a case of clear intention should arise, although not falling within the predicament of these classes, it must be held, that the power is well executed, unless courts of justice are at liberty to overturn principles, instead of interpreting acts and intentions." Id. at 414, 415.
>
> It is unquestionably true that none of the traditional indicia of intent to exercise a power of appointment appear in the residuary clause here involved. Therefore, this appeal does not fall within the helpful parameters of the classes of cases articulated by Mr. Justice Story. The terms of the trust instrument, however, adumbrate the traditional guides to testator intent. We feel that in the circumstances (the existence of the trust instrument plus the decedent's knowledge of the instrument), see Hopkins v. Fauble, 47 Ill.App.2d 263; 197 N.E.2d 725 (1964), 16 A.L.R.3d 946 (1967), the Florida court would say, in the

The difficult problem presented on this appeal is that while we find this case properly cognizable as one in which the donor's instructions are of critical importance, the manifestation of the donor's intent is the converse of what is normally expected. That is, a donor often states that in order for the power to be exercised it must be explicitly mentioned in the will. See, e. g., In re Schede's Estate, 426 Pa. 93, 231 A.2d 135 (1967). Such a provision is designed to prevent the inadvertent exercise of a power and the inclusion of such a statement will clearly negate the exercise of the power by a will which fails to refer to the power. In the instant case the donor clearly states the opposite; the power shall be exercised by a will notwith-

> words of Mr. Justice Story, that although the instant case does not clearly fall within the terms of the traditional classes, it must be held that the decedent's intention is clear and that the power was exercised in the execution of her will. See Estate of Goldstein v. CIR, 479 F.2d 813, 816 (10th Cir. 1973) (If there is no decision of the Florida Supreme Court as a settled precedent or a less authoritative tribunal we are to determine as best we can the Florida rule which should be applied).
>
> We add, incidentally that contrary to the appellants' assertion regarding the applicability of Florida law, "It has generally been held that the question of construction which arises where the donee's will does not mention the power is determined by the law governing the creation of the trust rather than the law of the state of the donee's domicile." A. Scott, The Law of Trusts, 4064 (3d ed. 1967). The donor's ownership of the appointive property is the basis for this sometimes maligned proposition. See Sewall v. Wilmer, 132 Mass. 131 (1882) discussed in Scott at 4061.
>
> There is admittedly no choice of law problem present in appellants' argument since the laws of Florida and Delaware are essentially identical with respect to the exercise of a power by a testator in a will which does not mention the power. However, the fact that the great weight of authority is that the law governing construction of a will is the law under which the trust was created, serves to illustrate the court's traditional deference to the wishes of the donor. See, e. g., Fiduciary Trust Co. v. First Nat'l Bk., 344 Mass. 1, 181 N.E.2d 6 (1962). Such deference is epitomized by the rule which we hold to govern this case, that the donor's specifications relative to the manner in which a power is to be exercised have a substantial bearing on the issue to be decided.

standing a lack of reference. There is a paucity of authority in this area; in fact, we have found no cases which discuss the point precisely. However, the guidance we have found signals our result.

■ We recognize the principle that a donor's stipulation that a power shall be exercised only by a will making explicit reference to the power is controlling. Stated more generally, the donor may control the manner in which the power is exercised. See, e. g., Annot. 150 A.L.R. 519 (1944); Condon Nat'l Bk. v. United States, 349 F.Supp. 755 (D.Kan.1972); and authorities cited in text, *infra*. Commentators agree that if the donor may affirmatively prescribe the mode of exercise then it follows that "[I]f it is provided in the trust instrument or will under which the power is created that it may be exercised by a will which does not mention the power, it would seem that it may be exercised by such a will." A. Scott, The Law of Trusts at 4059. See also Restatement (second) Conflict of Laws § 275, comment (b)(1971). The appellants note the equivocal ring of Scott's statement in asserting that the donor's intent in the instant case is addressed only to the proper mode of exercise, and therefore, the donee's intent with respect to actual exercise must be ascertained solely by reference to her will. Such an argument, however, fails to account for the mandatory tenor of the trust instrument's language: the power shall be exercised by a will even though the will fails to refer to the power and the trust property shall be held to vest in the testatrix's legatees notwithstanding any law, custom or usage to the contrary. Moreover, such argument inadequately considers the principle that the donor, as owner of the property subject to the power may dictate the manner of its exercise.[11] In re Estate of Schede, 426 Pa. 93, 231 A.2d 135, 136 (1967). See also, Gibson v. Security

Trust Co., 201 F.2d 573, 575 (4th Cir. 1953); Metropolitan Life Insurance Co. v. Hall, 191 Ga. 294, 12 S.E.2d 53 (1940). *Cf.*, Hopkins v. Fauble, 47 Ill.App.2d 263, 197 N.E.2d 725 (1964). Given the well settled rule which requires strict compliance with the terms of the trust instrument, and the absence of any authority to the effect that the terms of the trust instrument made the basis of this suit are illegal or not binding, we find that the decedent-donee exercised her power of appointment. We hold for the purposes of the federal estate tax that when the trust instrument unequivocally provides for the exercise of a power of appointment by a will which fails to mention the power, notwithstanding any law, custom or usage to the contrary, the power is exercised by such a will unless the testator-donee indicates a contrary intention in the will. In the circumstances just described and those reflected by the record, the donee's intent to exercise the power is manifested by the execution of the will. The exercise of the privilege of directing the disposition of property after death is precisely the kind of transaction on which the estate tax is imposed. Keeter v. United States, 461 F.2d 714, 720 (5th Cir. 1972); R. Stephens and G. Maxfield, The Federal Estate and Gift Taxes, 2 (2d ed. 1967).

In summary, it is clear that the trust agreement vested an unrestricted power of appointment in the testatrix Mildred L. Stewart. The settlor intended that the power should be exercised by will without reference to the trust agreement and that the decedent's share in the trust should vest in her *legatees* in the same manner as any other portion of her estate "any law, custom or usage to the contrary notwithstanding." The settlor's intention is paramount in such circumstances. In addition the testatrix's estate was, in fact, divided and distributed in accordance with the terms of her

---

11. In addition to the tenor of the trust instrument the trustee's disposition of the trust corpus in accordance with the decedent's residuary clause supports our conclusion that the directions of the settlor were intended to effectuate an exercise of the power by the mere

making of a will. Wooster Rubber Co. v. CIR, 189 F.2d 878 (6th Cir. 1951). As the court said, " . . . presumably a trustor in setting up a trust will make his wishes and purposes known to his trustee." Id. 886.

will.[12] A different division and distribution would have been required in default of the exercise of the power. The trustee was bound by a fiduciary responsibility and a strong obligation faithfully to administer the trust and its action in distributing the assets in accordance with the will is, therefore, some indication that the trustee considered the provisions of the will as controlling and effecting the terms of the trust. See Huntington National Bank v. Commissioner, 90 F.2d 876, 879 (6th Cir. 1973); Wooster Rubber Co. v. Commissioner, 189 F.2d 878, 886 (6th Cir. 1951), and footnote 11, *supra.* There is nothing in the record to indicate that the executors who are also in a position of trust and confidence, did anything to challenge or impede the division of distribution of the estate according to the will as opposed to the division directed in the trust instrument.[13] The will would not have been fully operative to effect a different division and distribution of that portion of the estate which came from the trust without the authority and aid of the power of appointment.

We also note that the trust was created in 1929 and the testatrix died in 1965, approximately 36 years later. It is not reasonable to assume that she was ignorant of the existence of the power contained in the trust. See discussion in footnote 10, *supra.*

■■ Accordingly, it is our judgment that it would be unreasonable to conclude that the testatrix did not intend to exercise the power. Intent is a subjective state of mind which must be ascertained from all the facts and circumstances. Based upon the facts and circumstances surrounding the execution of the will as disclosed by the record, we hold that the testatrix did have such intent and did as a matter of law and fact exercise the power vested in her by the trust. Such a result comports with the clear intention of the settlor to vest such power in her by the terms of the trust. We agree with the following assertion in the supplemental brief of the appellants:

> Certainly the instrument creating the power may be looked to for a determination of the manner in which the power may be exercised, but whether or not it was exercised must be determined by the intent of the testator.

We disagree with the argument of the appellants that the testatrix did not have the intent to exercise the power. It is inconceivable that Congress could have intended to allow such an easy avoidance of the tax incidence of pre-1942 powers of appointment. United States v. Allen, 293 F.2d 916 (10th Cir. 1961); Kasishke v. United States, 426 F.2d 429 (10th Cir. 1970); Tollefsen v. CIR, 431 F.2d 511 (2d Cir.), cert. denied, 401 U.S. 908, 91 S.Ct. 867, 27 L.Ed.2d 806 (1970); Fraser v. United States, 156 F.Supp. 198 (E.D.Mich.1957). *Cf.,* United States v. Heasty, 370 F.2d 525 (6th Cir. 1966).

Affirmed.

12. Taxation, dealing with realities, is concerned more with deeds than with words; its functional approach is, and must necessarily be, objective rather than subjective. Transactions, as to their nature, are judged by their legal attributes and juristic consequences, not by titles affixed thereto by individuals. A bailment is not a sale merely because one or more parties to the relationship calls it a sale or so believes and vice versa. Whitehead v. CIR, 148 F.2d 718, 720 (4th Cir. 1945).

13. In Keeter v. United States, 461 F.2d 714, *supra,* Judge Goldberg, in dealing with a related problem stated:

> We know of no state in which the executor is empowered to do whatever he chooses with a decedent's estate. Certainly Florida law required Mrs. Shaw's executors to do precisely what Mrs. Shaw directed in her will. *See* Fla.Stat.Ann. § 733.01: In Re Estate of Rosenthal, 1966, Fla.App., 189 So.2d 507; Whitfield v. Whitfield, 1937, 127 Fla. 74, 172 So. 711. Thus, under the state law that defines the *substance* of Mrs. Shaw's directive authority over the insurance proceeds, the executor could not act as an insulator preventing Mrs. Shaw from spreading the insurance bounty as she chose, nor was the executor an independent agent with respect to her estate. 461 F.2d at 719.