John F. WHITE, Administrator D.B.N., C.T.A. of the Estate of Theodore N. Townsend, deceased

v.

UNITED STATES of America.

No. IP 79–536–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

April 7, 1981.

Douglass R. Shortridge, Indianapolis, Ind., for plaintiff.

Virginia Dill McCarty, U. S. Atty., Indianapolis, Ind., and Angelynn C. Hall, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

STECKLER, Chief Judge.

This matter is before the Court on the cross motions for summary judgment filed by each party. The Court, having considered the respective briefs of the parties and having heard oral argument thereon, herein sets forth its findings of fact. The conclusions of law are embodied within the memorandum of law.

## Findings of Fact

1. The decedent died on November 9, 1973, a resident of Indianapolis, Marion County, Indiana, after a one-day illness. He was age 52 at the date of his death and had been a continuous, open, and bona fide resident of Indianapolis, Marion County, State of Indiana, since 1946, having moved here after service in the Armed Forces of the United States. At the time of his death he was unmarried (divorced in 1967) and was survived by his three children, namely, Walker Winslow Townsend, Elbert J. Townsend II, and Elizabeth Jane Townsend. These children were his sole and only surviving issue.

2. Decedent died testate leaving a will dated December 13, 1967, which was drafted by Sidney A. Horn, Esquire, of Indianapolis, Indiana. The will consists of three pages and provides for a bequest of $25,000.00 to Vassar College in his mother's name, a devise of $10,000.00 to Bryn Mawr College as a memorial to Ethel Vick Townsend, and the sum of $10,000.00 to Northwood School, Lake Placid, New York, from which decedent had graduated from high school, to stand in decedent's name.

3. Decedent's will contained a standard residuary clause bequeathing the balance of his estate unto his three children, Walker Winslow Townsend, Elbert J. Townsend II, and Elizabeth Jane Townsend, share and share alike, which under Indiana law means equally to the survivors or the issue of a deceased child take their parent's share.

4. The will further provided that in the event all of decedent's children had predeceased him, that the residuary estate would go to his sister, or if she predeceased him, then to be equally divided between Vassar College, the Trustees of Bryn Mawr, and Northwood School. The will constituted and appointed George S. Olive, Jr., a Certified Public Accountant and managing partner of George S. Olive & Company, a large regional accounting firm in Indianapolis, and long time accountant for decedent, as executor of the will and nominated Sidney A. Horn, Esquire, to act as attorney for the estate.

5. The will was offered and duly admitted to probate in the Probate Court of Marion County, Indiana, on November 28, 1973, in the matter of the estate of Theodore N. Townsend, Estate Docket E73, page 1917. George S. Olive, Jr., qualified as executor of said estate and Sidney A. Horn, Esquire, was named as attorney for the estate. The will made no mention of any trust fund nor did it in any way make reference to any power of appointment.

6. Decedent's estate was administered in Indianapolis, Marion County, Indiana, and during the course thereof the executor prepared and filed a Federal Estate Tax Return, Form 706. The Form 706 was filed on August 7, 1974, and showed a total gross estate of $435,913.83. Approximately 98% of decedent's estate consisted of vested trust funds created under the last will and testament of decedent's mother, Charlotte K. Townsend.

7. Decedent's mother, Charlotte K. Townsend, had died testate in 1931, a resident of Le Roy, New York. Her last will and testament, executed the same year, established several trusts with the Marine Trust Company of Buffalo, New York. These trusts continued and as of the date of taxpayer's death were still being administered by the Marine Midland Bank-Western, Buffalo. The Form 706 filed by the executor, using the alternate valuation date, listed decedent's vested interests in certain trusts created originally for the benefit of Ruth M. Keeney and Elbert J. Townsend.

8. There is no controversy with regard to decedent's interest in the Ruth M. Keeney trust and the Elbert J. Townsend trust being taxable for federal estate tax purposes. The executor and the Internal Revenue Service agreed as to the proper valuation of the securities held therein and the tax due in the amount of $77,770.99 was paid.

9. The executor noted in the Form 706, which had attached a copy of the Charlotte K. Townsend will, that Item Seventh of said will established a trust for the benefit of the decedent. The provisions of Item Seventh of the Charlotte K. Townsend will are as follows:

"I give and bequeath to the Marine Trust Company of Buffalo, the sum of One Hundred Thousand Dollars ($100,000.00), in trust, for the benefit of my adopted daughter, Elinor Townsend, and the sum of One Hundred Thousand Dollars ($100,-000.00), in trust, for the benefit of my son, Theodore Noyes Townsend. My said Trustee shall invest and from time to time reinvest said trust estates and pay over so much of the net income arising therefrom as to my said Trustee shall seem wise and proper toward the support, maintenance and education of the child for whom said trust fund is held until he or she shall attain the age of twenty-one years and shall accumulate the balance of the income of said trust fund during the minority of said child and pay over such accumulated income to said child when he or she shall attain the age of twenty-one years. After each of said children shall have attained the age of twenty-one years, my Trustee shall pay over the entire net income of the trust funds held for their benefit to them quarterly or at other convenient and regular intervals as long as they shall live. Upon the death of my said adopted son and daughter, my Trustee shall pay over and distribute the property then constituting the trust fund held for his or her benefit to such person or persons, corporation or corporations as he or she shall by his or her last will and testament appoint, and in default of such appointment to his or her issue, if any, otherwise to the other of my said adopted children if he or she shall survive, otherwise to his or her last issue, if any, otherwise to my heirs at law as then determined by the intestate laws of the State of New York."

The above Item Seventh of the last will and testament of Charlotte K. Townsend thus created a trust for the benefit of decedent, Theodore N. Townsend, with income to him for life and further gave him a general power of appointment to be exercised, if at all, by will. Absent the exercise of the

power, the trust assets would pass under the terms of the trust instrument. There is no explicit direction as to the exercise of the power nor is there a direction as to what law would apply if an interpretation of the exercise or nonexercise is required.

10. The executor included the following notation in Schedule H of Form 706:

"*Powers Created Prior to October 21, 1942, but Not Included in Gross Estate:* "Securities held by the Marine Midland Bank-Western, Buffalo, New York, in a trust created by Charlotte K. Townsend, under Item 7th of her Will, subject to general power of appointment, are not included in decedent's gross estate under the provisions of Sec. 2041, I.R.C., because decedent never exercised power. (Copy of C. K. Townsend Will follows Sch. F)"

11. The original bequest by Charlotte K. Townsend to decedent under Item Seventh was in the sum of $100,000.00, and at the decedent's death the trust was valued at $352,760.64.

12. Item Seventh of the last will and testament of Charlotte K. Townsend, therefore, gave a general power of appointment of the trust assets to the decedent as he shall appoint by his last will and testament, and in default of such appointment, then to his issue and others all as set out above. This is therefore a general power of appointment created prior to October 21, 1942, and is not included in the decedent's gross estate and is nontaxable unless it is exercised. Section 2041 of the Internal Revenue Code deals specifically with such pre-1942 powers of appointment.

13. Over the years there has been a great deal of litigation concerning powers of appointment under Sections 811 and 2041. The present law is the outgrowth of 1942 and 1951 acts. The intent of Congress in passing the 1951 legislation was that powers existing in 1942 should continue to be nontaxable unless exercised. The Senate Finance Report stated that neither the 1942 act nor the present bill (1951 act) would bring in any appreciable revenue except from the unwary and the committee felt the most important consideration was to make the law simple and definite enough to be understood and applied by the average lawyer.

14. The auditing agent proposed a one-line adjustment to include the value of the trust created under Item Seventh of Charlotte K. Townsend's last will and testament upon the theory that under the law of the State of New York, a decedent is presumed to have exercised a power of appointment if he leaves a will disposing of all his property unless a clear contrary intent is evidenced. The executor filed a timely protest which was denied by the government. Thereafter the executor determined to pay the tax and file a suit for refund.

15. The probate assets were insufficient to pay the asserted tax and the trustee, Midland Marine Bank-Western, Buffalo, advanced sums to pay the tax. The additional estate tax of $99,727.39 was paid on October 19, 1976, and additional interest of $12,-489.13 was paid on November 1, 1976. The balance of the funds in the hands of the Midland Marine Bank-Western, Buffalo, trustee, were paid to decedent's issue (his three surviving children) pursuant to the terms of the trust instrument. Thereafter the probate proceedings in Marion County were closed with the exception that John F. White, Esquire, was appointed successor administrator for the purpose of filing a claim for refund. The filed claim was disallowed and this action for refund was brought by the successor administrator.

16. There are many reported cases, both state and federal, concerning the nature, extent, origin, time of creation and exercise or non-exercise of powers of appointment. As in many other areas, the voluminous nature of the case law, decided in many cases upon unusual fact situations, is not always helpful. Indiana follows what appears to be the majority rule with regard to the exercise of powers of appointment. The Indiana law with regard to the interpretation of wills states that, both as to real and personal property, a will shall not operate as an exercise of a power of appoint-

ment unless by its terms said will specifically indicates that the testator intended to exercise said power. The Indiana Code Commission comments state that this rule requiring specific use of appropriate words of intention to exercise such a power will avoid litigation.

17. New York, on the other hand, states that as to personalty, where there is no expressed or necessarily implied intention, a residuary clause in a will undertaking to dispose of all testator's property not otherwise specifically devised does exercise a general power of appointment.

However, this rule has been interpreted to only create a rebuttable presumption which can be overcome by the language of the instrument or evidence and circumstances outside the instrument itself. The key factor for decision is the intention of the testator as determined by the facts and circumstances.

18. The Indiana rule is very clear and if the Probate Court of Marion County or the highest court of Indiana were called upon to interpret decedent's last will and testament, such courts would clearly hold that the decedent's will did not operate as an exercise of the power of appointment created under Item Seventh of the last will and testament of Charlotte K. Townsend. This Court, sitting in Indiana in the pendent state court proceeding to interpret the will, would reach the same conclusion.

19. The decedent was a long time resident of Indiana, and went to an Indiana lawyer to write his will in the same year he was divorced. The lawyer who wrote the will is now deceased and there is no way to ascertain his instructions or determine his legal reasoning. There is no ambiguity in the document, however, and the reasonable inferences to be drawn therefrom are that the will was intended to be probated in Indiana, that the decedent had a plan in terms of specific bequests to institutions and providing for his children who were then Indiana residents.

20. Silence can raise several presumptions as to intention, and under these circumstances, silence is more closely akin to an intention not to exercise the power of appointment. While this reasoning is persuasive to the result reached, it need not be determinative of this action.

21. New York law follows the rule that with regard to personalty, the law of the state of the donor of the trust should be utilized in determining whether or not a power of appointment has been exercised. In this case, however, the donor, Charlotte K. Townsend, did not specify in any way what law would control with respect to a question of exercise nor did the donor explicitly provide for the manner which the power shall be exercised. The argument that the law of the donor's residence should apply is proper when said donor specifically provides in an instrument the manner of exercise irrespective of other laws or customs or specifically provides that the law of a certain state, his or another, should apply. The argument is not persuasive, however, where the donor of the trust is silent.

22. It is more logical to conclude that the law of the domicile of the testator at his death should apply to interpreting a will for all purposes, including whether or not a power is exercised. This is the view followed in the Uniform Probate Code and most recently followed by federal courts in power of appointment cases and other similar litigation.

23. In view of the above and foregoing general findings of fact, it is unnecessary to make a determination with regard to Count II of plaintiff's complaint. Count II seeks to declare, both under federal and state law, that decedent's will did not exercise the general power of appointment granted under Item Seventh of the last will and testament of Charlotte K. Townsend. As the parties agreed in the pretrial order might happen, Count II, both as to the plaintiff's claim and the defendant's defenses, is now rendered moot and will be accordingly dismissed in the final judgment entry.

### Memorandum of Law

As was more fully set forth in the Court's findings, this action was brought by the

administrator of the estate of the decedent, Theodore N. Townsend, seeking a refund in the amount of $112,216.52 for estate taxes assessed. In issue is the determination whether a power of appointment over proceeds within a testamentary trust was exercised by the donee of the power pursuant to a general residuary clause not mentioning the power in the donee's will. The donor of the power was a New York resident and the trust res was located in New York. The donee of the power was a resident of Indiana and the donee's will governing the exercise *vel non* of the power was probated in Indiana.

The parties are in agreement that 26 U.S.C. § 2041 of the Internal Revenue Code of 1954 governs in this instance. That section, which pertains to pre-1942 powers of appointment, provides that (1) said power is includable in the gross estate only when the power is exercised; and (2) reference to local law is required for the determination of whether there has been an exercise of said power. *See Stewart v. United States,* 512 F.2d 269 (5th Cir. 1975).

The parties are in further agreement that it is the *donee's intent* concerning the exercise *vel non* of the power which is controlling. It is where there exists an absence of any manifestation of the intent of the donee that resort to various rules of construction is required.

Indiana, by statute, follows the majority rule, *see Stewart v. United States, supra,* 512 F.2d at 272; Restatement of the Law, Conflicts of Law 2d, § 275, Comment c, p. 200, that a residuary clause of a will, absent other contrary evidence, does not raise a presumption that a power of appointment has been exercised. Ind.Code § 29–1–6–1(f). New York law, on the other hand, provides by statute for such a presumption. N.Y. Estate Powers and Trust Law § 10–6.-1(a)(4) (McKinney). The presumption created by the New York statute, however, is rebuttable. *Chase National Bank v. Chicago Title and Trust Co.,* 271 N.Y. 602, 3 N.E.2d 205 (1935).

The Court must therefore determine (1) whether, even assuming that New York law

applies, the presumption is rebutted; and (2) assuming the presumption is found not to be rebutted, whether Indiana or New York law concerning the presumption governs.

The Court finds merit in the plaintiff's argument that the reasonableness of the taxation effects upon the estate, depending upon the treatment of a donee's power, bears consideration. In *Stewart v. United States, supra,* 512 F.2d 269, the court, in dealing with an inter vivos trust instrument which designated the effect of a failure to mention the power in the donee's will, found the power to have been exercised. In so doing, the court stated:

> "We also note that the trust was created in 1929 and the testatrix died in 1965, approximately 36 years later. It is not reasonable to assume that she was ignorant of the existence of the power contained in the trust." 512 F.2d at 275.

The court also cited *DePass v. Kansas Masonic Home,* 181 So. 410, 414 (1938), wherein Mr. Justice Story was quoted as follows:

> "Mr. Justice Story states, as the result of the English authorities, that three classes of cases have been held to be sufficient demonstrations of an intended execution of a power: (1) Where there has been some reference in the will, or other instrument, to the power; (2) or a reference to the property, which is the subject on which it is to be executed; (3) *or where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power.*" [Emphasis supplied.] 512 F.2d at 273, fn. 10.

Even New York law recognizes the validity of scrutinizing the reasonableness of the estate tax effect in determining the intent of the possessor of a power. In *In the Matter of Bankers Trust Company,* 36 Misc.2d 108, 232 N.Y.S.2d 522 (Sup.Ct. N.Y. 1962), the court was confronted with a conflict between New York and New Jersey

law concerning the presumption arising from the residuary clause not mentioning a power over an inter vivos trust. Although the court applied New York law which activated the presumption that the power had been exercised, the court further found that, under New Jersey law which did not recognize the presumption, the conclusion would be the same. The court found evidence of the donee's intent from the taxation effect upon the size of the estate, stating:

"The most significant fact is the size of the widow's residuary estate. The gross estate, apart from the appointive fund, is $272,973.68 according to the New Jersey inheritance tax return. The residuary estate exclusive of the appointive fund is estimated at $1,380.08 by the attorneys for the next of kin and $4,192.49 by the attorneys for the executor, but they point out that there is a deficiency assessment of federal estate taxes which will wipe out this residue. There are four residuary legatees. It does not seem reasonable to assume that the widow intended them to receive less than $1,050 each in an estate of this size. It is more reasonable to assume that she intended them to share in the appointive fund as well. Similar considerations were held by the New Jersey Supreme Court in *Bank of New York v. Black* (26 N.J. 276, 293–294 [139 A.2d 393,] supra) to require a finding that the testatrix intended her residuary clause to operate as an exercise of the power of appointment."

Thus, this Court may look to the logic and reasonableness of the tax effect and the resulting dissipation of the estate in determining the intent of the donee. As stated in *Stewart*, it is not reasonable to assume that the donee was ignorant of the power and the effects of its exercise or nonexercise. Nor is it reasonable to assume that the donee wished to decrease his estate by $112,216.52 to the detriment of his heirs and to the benefit of the government. The Court therefore finds there to be evidence rebutting the presumption of exercise of the power under New York law.

Even assuming the absence of any such rebutting inference and evidence, the Court further concludes that the New York statute creating the presumption is not applicable.

■■■■ This Court, sitting in Indiana, must apply Indiana choice of law rules. *Sexton v. United States*, 300 F.2d 490 (7th Cir. 1962). The parties are in agreement that no Indiana choice of law rule exists with respect to the power of appointment issue. The plaintiff contends that New York choice of law rules would require application of Indiana law, citing *Matter of Clark*, 21 N.Y.2d 478, 288 N.Y.S.2d 993, 236 N.E.2d 152 (1968), and *Estate of Renard*, 417 N.Y.S.2d 155, 100 Misc.2d 347 (1979), the Court, however, finds the New York law to be otherwise. As stated in *In the Matter of the Estate of Taylor*, 24 Misc.2d 172, 200 N.Y.S.2d 105 (1960):

"Coming now to a consideration of the proposed agreement of settlement, Joseph F. Taylor died a resident of New Jersey in 1956 leaving a will which, while not effective to exercise the power of appointment under the law of that state (*Farnum v. Penn Co.*, 87 N.J.Eq. 108, [99 A. 145,] affd. 87 N.J.Eq. 652, [101 A. 1053),] contained a (175) residuary clause that served the purpose under the law of New York (Real Property Law, § 176; Personal Property Law, § 18) and it is, of course, the law of New York, the domicile of the donor, rather than the law of New Jersey, which determines the effectiveness of the exercise of the power by the donee (*Matter of Peet*, 155 N.Y.S.2d 531 [Sur.], and cases there cited)."

There is a clear conflict of authority on the issue of whether the law of the donor's or donee's domicile governs the determination whether a donee's will effectually exercises a power of appointment. As stated in *Beals v. State Street Bank and Trust Company*, 367 Mass. 318, 326 N.E.2d 896, 899 (1975):

"We turn first to a consideration of the question whether Isabella's will should be construed according to the law of this Commonwealth or the law of New York.

There are strong, logical reasons for turning to the law of the donee's domicil at the time of death to determine whether a donee's will has exercised a testamentary power of appointment over movables. See Restatement 2d: Conflict of Laws, § 275, comment c (1971); Scott, Trusts, § 642, p. 4065 (3d ed. 1967); Scoles, Goodrich's Conflict of Laws, §§ 175–177, p. 346 (4th ed. 1964). Most courts in this country which have considered the question, however, interpret the donee's will under the law governing the administration of the trust, which is usually the law of the donor's domicil."

For an extensive list of the cases on both sides of the question, see Reporter's Note, Restatement 2d, Conflict of Laws § 275.

The only indication of direction on the issue from the Seventh Circuit is found in *First National Bank of Chicago v. Ettlinger*, 465 F.2d 343 (7th Cir. 1972), wherein the court, interpreting an inter vivos trust and a testamentary exercise *vel non* of a power of appointment, recognized the donor's designation of New York law as governing the issue. In *dicta*, however, the court touched upon the issue before this Court as follows:

"Both sides are in agreement that Illinois adheres to the general rule that it is normally the law of the domicile of the power's donor and not that of the donee's domicile which controls the question whether the donee effectively exercised a testamentary power of appointment. *In re Estate of Erdman*, 264 Cal.App.2d 335, 70 Cal.Rptr. 774 (1968); *In re O'Reilly's Estate*, 371 Pa. 349, 89 A.2d 513 (1952); Anno. 150 A.L.R. 519, 531 et seq. (1944); see *In re Estate of Breault*, 29 Ill.2d 165, 174, 193 N.E.2d 824 (1963); Restatement, Second, Conflict of Laws § 275 and Comment c." 465 F.2d at 346.

At footnote 2 the court stated in part:

"As stated, this rule is most precisely applicable to the situation where the power was created by will, for the usual rule is that the law of the testator's domicile governs the construction of his will. See Restatement, Second, Conflict of Laws § 275 and Comment c, § 264(2) and Comment f."

On first impression, the foregoing *dicta* might lead this Court to conclude that the Seventh Circuit would also determine that the Indiana Supreme Court would follow the "general rule" for Indiana choice of law principles. On closer scrutiny of the question, however, this Court determines that neither the Indiana Supreme Court nor the Seventh Circuit, if directly confronted with the issue, would so hold.

The Court is greatly influenced by the Massachusetts Supreme Court's decision in *Beals v. State Street Bank and Trust Company, supra*, 326 N.E.2d 896, which stated at 899 that "[t]here are strong, logical reasons for turning to the law of the donee's domicile at the time of death to determine whether a donee's will has exercised a testamentary power of appointment over movables." Although the court declined to follow such an approach due to the long line of Massachusetts precedent to the contrary, the court stated:

"If the question were before us now for the first time, we might well adopt a choice of law rule which would turn to the substantive law of the donee's domicil, for the purpose of determining whether the donee's will exercised a power of appointment. However, in a field where much depends on certainty and consistency as to the applicable rules of law, we think that we should adhere to our well established rule." 326 N.E.2d at 899–900.

This Court, of course, in attempting to predict the ruling of the Indiana Supreme Court on the issue, is not saddled with the precedent that the Massachusetts court was confined by. This Court determines that the *dicta* in the *Ettlinger* decision would not be adopted by the Indiana Supreme Court nor followed by our own Court of Appeals if directly presented with the issue.

The *Ettlinger* court relied for its *dicta* upon the Restatement 2d, Conflict of Laws § 275 and comment c. That section, although acknowledging case law following the "general rule," criticized it as follows:

"Since it is wholly within the power of the donee to exercise or not to exercise

the power of appointment, the question is fundamentally one of the intention of the donee. Where his intention can be shown from the language of the will as interpreted in the light of all the circumstances, either to exercise or not to exercise the power, his intention is controlling. The difficulty arises only where there is no evidence as to his intention and it is necessary to resort to a rule of construction. Most of the cases hold that the rule of construction of the state whose local law governs the creation of the trust, which is ordinarily in the case of a testamentary trust the state of the donor's domicil, is applicable. It would, however, be more in accordance with the general principles applicable to construction to apply the rule of construction of the donee's domicil since it is his intention that is determinative. At any rate, it is to be borne in mind that a rule of construction is applicable only in the absence of evidence rebutting it. As to the evidence which may be admitted to show the intention of the donee, see 3 Restatement of Property § 343, Comment e."

Moreover, *Ettlinger* involved an inter vivos trust and required application of Illinois conflicts law which, both parties therein agreed, adhered to the so-called "general rule."

This rule has been criticized by the commentators, including Goodrich and Scales, Handbook of the Conflict of Laws, 4th ed., at 346:

"The question most frequently litigated in America has been that of the proper law to determine whether the power has been effectively exercised. The donor of the power, for instance, leaves property in trust to A, with remainder over to such person as A by his last will shall appoint. A dies leaving a will in which he makes a general, or perhaps residuary, bequest of his estate, but does not mention the power of appointment. The laws of the domicile of the donor and donee of the power differ as to whether this is an effective exercise of the power of appointment. There is strong reason for saying that the answer to the question should be determined by the law of the domicile of the donee of the power. Whether he does exercise the option is for him to determine, not the donor. And, where the intention is not clearly expressed, but must be found by implication, or fixed by construction of the will, the law most significant to this construction should be that with regard to which the will exercising the power was written, the donee testator's domicile. Some authority supports this view that the questions of the intent of the donee to exercise the power, and the extent to which he intended to exercise it, are referred to the law in light of which his will is to be construed, normally his domicile. Citing *Morgan Guaranty Tr. Co. v. Huntington*, 149 Conn. 331, 179 A.2d 604 (1962). Cf. *United States v. Merchants Nat. Bank*, 261 F.2d 570 (5th Cir. 1958); *Guaranty Tr. Co. v. Stevens*, 28 N.J. 243, 146 A.2d 97 (1958); *In re Flagler's Will*, 4 Misc.2d 705, 158 N.Y.S.2d 941 (Surr. 1957); *Estate of Huntington*, [10 Misc.2d 932], 170 N.Y. S.2d 452 (Surr. 1957)."

█ The Court concludes that the Indiana Supreme Court would adopt the choice of law rule which applies the law of the donee's domicile for the construction of a will with a residuary clause not mentioning the exercise of a power of appointment. In summary, the Court reaches this conclusion for the following reasons:

(1) Absent Indiana precedent on the question, the Indiana Supreme Court would adopt the better reasoned and more practical choice of law rule. *See Beales v. State Street Bank, supra*, 326 N.E.2d 896; Restatement 2d Conflict of Laws § 275, Comment c; Scott, Trusts § 642, p. 4065; Scales, Goodrich's Conflict of Laws, § 175–177, p. 346;

(2) absent Indiana precedent on the question, the Indiana Supreme Court would adopt a choice of law rule which reflected and paralleled the Indiana legislature's expressed policy on the subject and codification thereof. *See* Ind.Code § 29–1–6–1(f); and

(3) absent Indiana precedent on the question, the Indiana Supreme Court would adopt the choice of law principle which resulted in application of the majority rule providing for no presumption of exercise of powers of appointment, and not the much-criticized minority rule codified under the New York statute.

■■■ Therefore, the Court concludes that the power granted by the testamentary trust was not exercised by the decedent, Theodore N. Townsend. The value of the assets contained in the trust held at decedent's death by the Marine Midland Bank-Western, Buffalo, New York, created under Item Seventh of the Charlotte K. Townsend trust is not taxable for federal estate tax purposes in the estate of Theodore N. Townsend and the deficiency assessment made by the defendant was erroneous as the decedent had previously reported all assets subject to United States federal estate tax and had paid all taxes due thereon. The taxpayer has therefore maintained his burden of proof by a preponderance of the evidence on all of the essential elements and pursuant to the pleadings and stipulation heretofore filed, there are no genuine issues of any material facts and the plaintiff is entitled to judgment on Count I as a matter of law. The plaintiff is entitled to a refund from the defendant in the amount of $112,216.52 tax and interest so paid plus statutory interest thereon from date of payment, November 1, 1976, to date of judgment herein. The issues raised by Count II of plaintiff's complaint and the answer and affirmative defenses by the defendant are rendered moot and need not be decided and said Count II should be dismissed.

By reason of the foregoing, the Court hereby GRANTS the plaintiff's motion for summary judgment and DENIES the defendant's motion for summary judgment.

The attorney for the plaintiff is hereby ordered to prepare and submit an appropriate final judgment entry to be entered in accordance herewith, and counsel are ordered to stipulate as to the amount of the refund and interest due within 14 days from this date.